WRIGHT, Presiding Judge.
In May 1985, the City of Daphne passed an amendment to the city’s zoning ordinance in order to allow certain property, formerly zoned residential, to be used for commercial purposes. Plaintiffs, residents of a neighborhood adjacent to the subject property, opposed the rezoning. After the amendment was passed, plaintiffs filed a complaint in Baldwin County Circuit Court seeking to have the amendment declared void. They contend that the procedural requirements set out in §§ 11-52-77, -78 of the Code of Alabama 1975, which govern the adoption of ordinances and their amendment by municipalities, were not followed.
Section 11-52-78 allows ordinances passed by a municipality to be amended subject to the provisions of § 11-52-77, which reads in pertinent part as follows:
“No ordinance shall be passed by any municipal corporation under the authority of this article unless and until the proposed ordinance has been published in full for one insertion and an additional insertion ... in a newspaper of general circulation published within the municipality, or, if there is no such newspaper, then by posting the proposed ordinance in four conspicuous places within the municipality, together with a notice stating the time and place that the ordinance is to be considered by the municipal legislative authorities and stating further that at such time and place all persons who desire shall have an opportunity of being heard in opposition to or in favor of such ordinance.
“No such ordinance shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard.”
The plaintiffs raise two contentions concerning the violation of this statute by the City of Daphne. First, they assert that the statute was violated because the City failed to properly post a copy of the proposed amendment and notice of public hearing concerning it in four conspicuous places within the municipality, there being no newspaper published within the municipality, thereby rendering the amendment void.
Evidence was presented at trial that the City of Daphne posted the required information in the following places: (1) the City Library, (2) the lobby of City Hall, (3) the bulletin board in front of a local store, and (4) the mayor’s office. The plaintiffs argue that the posting in the mayor’s office did not constitute posting in a conspicuous place as required by § 11-52-77. They cite Kennon and Associates v. Gentry, 492 So.2d 312 (Ala.1986) as authority for their proposition that procedural requirements of this type must be strictly followed. We agree with this proposition and find that the mayor’s office in the City of Daphne is a conspicuous place within the meaning of the statute. There is evidence within the Code that the Alabama Legislature also considered a town’s mayor’s office a proper site for the posting of a notice of this type. In § 11-45-8, which deals with a municipality’s adoption of ordinances of a general or permanent nature, language can be found which calls for the posting of an ordinance “in three public places within the municipality, one of which shall be at the post office or mayor’s office in such city of town_” Furthermore, taking into consideration the small size of the town and the fact that the other three places of posting were unmistakably conspicuous, we find that the City of Daphne conformed with the intent and purpose of §§ 11-52-77, -78 by posting in the mayor’s office.
Next, the plaintiffs argue that the City of Daphne failed to comply with the applicable statute by denying one of the plaintiffs the opportunity to be heard at the public meeting where the amendment was passed. There was inconsistent testimony at the trial as to whether Mrs. Jane Carney was denied the opportunity to speak. The mayor testified that he wasn’t aware that she was attempting to speak. Indeed, she testified at one point that she only “more or less raised” her hand to be recognized. There was also testimony indicating that all persons who expressed an interest to speak were given an opportunity to do so. The *297 evidence was taken ore tenus, and the trial judge found that the plaintiffs failed to prove the allegation contained in the complaint. We cannot say that his decision was a plain and palpable abuse of discretion. Sanders v. Board of Adjustment, 445 So.2d 909 (Ala.Civ.App.1983).
The plaintiffs’ final contention is that the city council failed to consider the effect that the proposed development would have on drainage and traffic problems; therefore, their decision in passage of the amendment was arbitrary and unreasonable and due to be struck down. Swann v. Board of Zoning Adjustment, 459 So.2d 896 (Ala.Civ.App.1984). However, substantial evidence was presented at trial to show that the City considered the possible problems and to support their decision to rezone the property. We find that the City of Daphne did not act arbitrarily in the passage of the amendment.
The decision of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.