**Mary Margaret DAVIS, et al.,
Appellants,**

v.

**ROADWAY EXPRESS, INC.,
Respondent.**

**No. 16321.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 30, 1989.

Jay P. Cummings, Gannaway, Fiorella, Cummings & Bennett, Springfield, for appellants.

Kenneth T. Walter, Mann, Walter, Burkhart, Weathers & Walter, Springfield, for respondent.

PER CURIAM

The only issue involved on this appeal is whether the posting in its drivers' room by Roadway Express, Inc. (Roadway) of a safety rule requiring its drivers to wear seat belts was posting in a conspicuous place on the employer's premises as required by § 287.120.5, RSMo 1986, V.A.M.S., which reads as follows:

Where the injury is caused by the willful failure of the employee to use safety devices where provided by the employer, or from the employee's failure to obey any reasonable rule adopted by the employer for the safety of employees, which rule has been kept posted in a conspicuous place on the employer's premises, the compensation and death benefit provided for herein shall be reduced fifteen percent; provided, that it is shown that the employee had actual knowledge of the rule so adopted by the employer; and provided, further, that the employer had, prior to the injury, made a diligent effort to cause his employees to use the safety device or devices and to obey or follow the rule so adopted for the safety of the employees.

The claim in question arose from the death of Joe Curtis Davis, an over-the-road truck driver for Roadway Express, Inc., who died December 29, 1985. Davis apparently fell asleep at the wheel while driving a tractor-trailer rig for Roadway. The truck ran off the highway and overturned. Davis received crushing fatal injuries in the accident. Competent and substantial evidence established that Davis was not wearing a seat belt at the time. Roadway had a company rule that required employees to wear safety belts while operating company trucks. They contended that Davis had willfully violated the rule and, therefore, the death benefit should be reduced by 15 percent.

Following a hearing on the dependents' claim for death benefits, an administrative law judge (ALJ) refused to reduce the death benefit by 15 percent, ruling that Roadway had failed to prove that Davis had willfully failed to use a safety device (safety belt) provided by the company which finding was affirmed by the Labor and Industrial Relations Commission of Missouri (commission).

After appeal by Roadway, this court, in *Davis v. Roadway Exp., Inc.*, 764 S.W.2d 145, 150–151 (Mo.App.1989), although agreeing that Roadway had failed to prove a willful violation by Davis of the safety belt rule, remanded the case to the commission for additional findings of fact on several other issues, none of which are relevant here since not preserved for appellate review, except for a requested finding as to whether the posting by Roadway in its drivers' room of a company rule requiring its drivers to wear seat belts while driving company trucks was posting in a conspicuous place as required by the statute.

On remand, the commission found as follows:

As noted by the Court of Appeals, it hardly can be argued that Roadway's seat belt rule was not reasonable, and the Commission finds that the rule, which clearly was adopted for the safety of its employees, was reasonable. The Commission also finds that the posting of the rule in the drivers' room meets the statutory requirement that the rule be posted in a conspicuous place. It also should be noted that the rule was discussed in an orientation meeting which the claimant attended. Thus, the decisive issue is whether the claimant's death was caused by his failure to wear a seat belt. We come to the inevitable conclusion that it was. ...

The commission then reduced the statutory death benefit by 15 percent, on the grounds that Davis had failed to obey the safety belt rule.

In its appeal from that decision, claimants rely on a single point of claimed error which is:

The finding of the Labor and Industrial Relations Commission that the seat belt rule was posted in a conspicuous place on the employer's premises is not supported by sufficient competent evidence because the only evidence regarding the placement of the rule was that it was posted in the "driver's room."

The only testimony in the record before the commission, and, in turn, before us regarding the rule mandating the use of safety belts by Roadway drivers came from Charles Downing, the relay manager of Roadway's terminal in Springfield, Missouri. Among his job responsibilities was hiring and training Roadway's drivers. This included having Downing explain to

the drivers the company's safety rules and providing an orientation course for drivers on safety procedure, including the use of seat belts. He testified that one of the rules was that all employees who operated vehicles for Roadway were required to wear seat belts, and that he had personally advised Davis of that rule, and that Davis had also taken the orientation course in safety procedures. He also testified that a notice to employees that outlined the safety belt rule was posted "in the drivers' room," and identified Employer's Exhibit 16 as the notice in question. He said the notice was posted March 12, 1985, and remained posted at the time of the accident in question.

It is regrettable that Mr. Downing was not asked more specific questions regarding what the drivers' room was used for, who used it, where in the drivers' room the notice was posted, etc., but we have to take the facts as we find them and go on from there. Davis lived in Springfield, and worked out of the Springfield terminal where the drivers' room was located. We believe that it is reasonable to infer from the testimony given, scanty though it was, that the reason the notice was posted in the drivers' room was that Roadway's drivers, including Davis, frequented that room before starting, and after completing trips for the company, and for that reason the drivers' room was a logical place to post the notice. This being so, the posting of the notice was posting in a conspicuous place as required by the statute.

Although we do not find a Missouri case to support such determination, the holding of *Carney v. City of Daphne,* 504 So.2d 295, 296 (Ala.Civ.App.1986), is persuasive on the issue. In that case, it was held that the city library, the lobby of city hall, the bulletin board in front of a local store, and the mayor's office were conspicuous places for fulfilling the statutory requirement that notices of proposed city ordinances must be posted in four conspicuous places within the municipality prior to consideration of the proposed ordinance by governing authorities.

If the mayor's office, the bulletin board of a local store, the city library, and the lobby of city hall are "conspicuous" places for the purpose of posting notices of contemplated ordinances, we feel certain that a drivers' room is also a conspicuous place for posting, where the purpose of the notice is to remind drivers of the company's safety regulations. We also observe that since it is undisputed that Davis had actual notice of the safety rule, he could not have been prejudiced by any possible deficiency because of the lack of precise information regarding the actual spot where the notice was posted in the drivers' room. As stated in *Macon–Atlanta State Bank v. Gall,* 666 S.W.2d 934, 940 (Mo.App.1984):

> As a general rule one having actual notice is not prejudiced by and may not complain of the failure to receive statutory notice. Statutes that impose certain technical requirements for notice should not be strictly enforced where the party seeking enforcement had actual notice and cannot show prejudice as a result of the failure to follow the technical requirements.

Evidence of a conspicuous posting under the circumstances of this case means only that the notice was displayed in a place where it could have been readily viewed by any one who normally would be expected to come there. As such, it is only constructive notice. Here, Davis had actual notice of the rule. His violation of a safety rule he actually knew about, and also had constructive notice of, justified the reduction made by the commission after remand.

The amended award of the commission reducing the death benefit by 15 percent is affirmed.

All concur.