**David M. BROCKMEYER,**
**Claimant/Appellant,**

v.

**STIEFERMAN BROS. VAN & STORAGE, Employer/Respondent, Liberty Mutual Insurance Co., Insurer/Respondent.**

**No. ED 77615.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 5, 2000.

B. Michael Korte, Korte and Smallwood, LLC, St. Louis, MO, for appellant.

Brian McChesney, Valentine and Rouse, St. Louis, MO, for respondent.

CRANE, Judge.

Claimant, David Brockmeyer, was employed by Stieferman Brothers Van & Storage Co. (employer) as a moving van operator. In order to be hired by employer, claimant had to become Department of Transportation (DOT) certified. To become DOT certified claimant had to know and understand the Federal Motor Carrier Safety Regulations and comply with those regulations. During the 16 years of his employment, claimant knew that he had to maintain his DOT certification to keep his employment with employer. He knew that the Federal Motor Carrier Regulations and his DOT certification prohibited driving under the influence of alcohol.

Employer has always had a policy prohibiting drinking while driving. At the time of claimant's accident, employer had a written Substance Abuse Program (DOT–FHWA), which provided under "POLICY" on page one: "It is the policy of The Company that the use,…possession or presence in one's system of … alcohol by any covered person while on company premises, while engaged in company business, while operating company equipment, or while under the authority of The Company is strictly prohibited." Claimant received a copy of the Substance Abuse Program in early February, 1995. On February 8, 1995, claimant signed a "CERTIFICATION OF RECEIPT AND UNDERSTANDING OF AND CONSENT TO COMPLY WITH THE COMPANY SUBSTANCE ABUSE PROGRAM," which contained the language: "I hereby certify that I have received a copy of The Company Substance Abuse Program; that I have read and understand its contents; and understand that I must be drug and alcohol free as a condition of employment."

Since moving into its building in 1986, employer has forbidden its employees to have alcohol on its premises. A sign stating "NO ALCOHOLIC BEVERAGES ALLOWED ON PREMISES AT ANY TIME" has been continuously posted on the wall in the employees' lounge of the employer's office building. Claimant saw this policy posted on the wall during his employment.

On February 27, 1995, claimant picked up a load in Arizona on behalf of employer and was traveling in a direct route to

deliver the load on behalf of employer. At 1:30 p.m. that day, claimant purchased food and possibly more than a six pack of beer from a truck stop in Arizona. He drank beer on the parking lot and left the truck stop about 2:30 p.m. Approximately three hours later claimant's truck veered off the road and onto the right shoulder of the highway without any evidence of braking or evasive action, veered back onto the highway, overturned, slid on its side, and came to a rest in the median. Employer's toxicologist testified that claimant had consumed eight to twelve beers the day of the accident and that his blood alcohol level at the time of the accident was 0.15, a level sufficient to impair a person's ability to drive.

Claimant filed a claim for compensation with the Labor and Industrial Relations Commission on April 7, 1995. The ALJ made an award denying benefits. The commission affirmed the ALJ's award, with one member dissenting. The commission determined that claimant was not entitled to compensation under Section 287.120.6(2) because claimant's intoxication was the proximate cause of the accident and claimant had actual knowledge of employer's policy prohibiting the use of alcohol while driving.

■ This court reviews the commission's decision and not that of the ALJ. *Faulkner v. Chrysler Corp.*, 924 S.W.2d 866, 867 (Mo.App.1996). The standard of review is set out in Section 287.495.1 RSMo (1994):

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

In this case, claimant challenges the sufficiency of the evidence. Accordingly we review the whole record in the light most favorable to the decision. *Williams v. DePaul Health Center*, 996 S.W.2d 619, 625 (Mo.App.1999). We defer to the commission's resolution of issues concerning credibility and the weight given to conflicting evidence. *Id.* "[I]n the absence of fraud, the findings of fact made by the commission within its powers [are] conclusive and binding." Section 287.495.1 RSMo.

■ In his first point, claimant asserts that the employer and insurer should have been precluded from asserting the affirmative defense of his violation of the alcohol policy on the grounds that they did not prove that employer posted the policy it claims claimant violated and that it made a diligent effort to inform claimant of its requirements to obey its policy prior to claimant's injury.

Section 287.120.6(2) provides for a forfeiture of compensation:

If, ... the use of alcohol or nonprescribed controlled drugs in violation of the employer's rule or policy which is posted and publicized as set forth in subdivision (1) is the proximate cause of the injury, then the benefits or compensation otherwise payable under this chapter for death or disability shall be forfeited.

Section 287.120.6(1) sets forth the requirement that the rule or policy adopted by the employer relating to the use of alcohol or nonprescribed controlled drugs in the workplace must have "been kept posted in a conspicuous place on the employer's premises."

■ Claimant argues that the notice posted in the employee lounge prohibited alcoholic beverages on the premises but did not prohibit the use of alcohol while driving employer's vehicles and therefore did not comply with this statute. This

argument misses the mark. Posted notice under this statute is a form of constructive notice. *Davis v. Roadway Express, Inc.*, 777 S.W.2d 668, 670 (Mo.App.1989). *See also, State ex rel. O'Brien v. Moreland*, 703 S.W.2d 597, 600 (Mo.App.1986). If a statute requires constructive notice to an employee, but the employee has actual notice of the information and is not prejudiced by the employer's failure to post notice, the employee cannot complain of a failure to receive constructive notice. *Davis*, 777 S.W.2d at 670. *See also, Parrott v. HQ, Inc.*, 907 S.W.2d 236, 242 (Mo. App.1995). Where a statute requires notice "simply for the purpose of giving information, or of creating a likelihood that information will be received by the noticee, knowledge, which accomplishes this end, is an acceptable substitute." 2 MAURICE H. MERRILL, MERRILL ON NOTICE, Section 505 (1952). An employee's knowledge of the employer's rules is equivalent to formal notice thereof. *Id.* at Section 506.

Claimant admitted that he knew that his DOT certification was a condition of employment and prohibited drinking while driving, that he received a copy of employer's policy prohibiting drinking while driving, that he signed a certificate that he had read the policy, and that he understood that he must abstain from alcohol as a condition of employment. Claimant had actual notice of the policy and did not demonstrate prejudice from employer's failure to post the policy.

Claimant also argues that employer tolerated the consumption of alcohol by its employees. Claimant testified that employees drank during working hours but he had no knowledge whether they drove while intoxicated. Employer's owner, Terry Stieferman, testified that since 1986, employer had not permitted its employees to consume alcohol on its premises, and never permitted its employees to drive while intoxicated. The commission found that claimant was not a credible witness and that Stieferman was credible. We defer to the commission's resolution of is-

sues concerning credibility. *See Williams,* 996 S.W.2d at 625. Stieferman's testimony was competent evidence supporting a finding that employer's right to assert this affirmative defense had not been lost pursuant to Section 287.120.6(2)(a).

Claimant last argues that employer failed to diligently inform claimant that he was required to obey its policy. The record refutes this claim. Point one is denied.

In his second point, claimant asserts that the commission erred in finding that he had forfeited his benefits under Section 287.120.6 because the employer should not have been able to assert the affirmative defense that the accident did not arise out of and in the course of his employment due to his intoxication. This point does not address an error of the commission. The commission did not base its award on this ground but on Section 287.120.6. Point two is denied.

MARY K. HOFF, C.J. and ROBERT E. CRIST, Sr.J., concur.