Carroll B. GERIG, Appellant,

v.

BOARD OF EDUCATION OF the CENTRAL SCHOOL DISTRICT, R–III, Respondent.

No. 54500.

Missouri Court of Appeals, Eastern District, Southern Division.

Dec. 20, 1988.

David L. Mayhugh, Shawn R. McCarver, Flat River, for appellant.

Thomas Mickes, James Thomeczek, St. Louis, for respondent.

SMITH, Presiding Judge.

Appellant teacher appeals from the orders of the trial court overruling his motion for an evidentiary hearing and granting the school board's motion for summary judgment. Gerig was a tenured teacher who was discharged after a contested hearing.

Gerig was employed by the Board of Education of the Central School District R–III in Flat River. He taught English and media classes at the high school. As part of a media class assignment students submitted news stories, features, cartoons and advertisements to be included in a publication entitled the Buschwacker Times. The publication was distributed on April 1 and was intended for use by the class only. Gerig edited the articles removing therefrom "four letter" words which he considered inappropriate, then typed and printed the paper and distributed it to the class. The publication in final form contained some articles appropriate for a high school journalism class project, and some material which was not appropriate. In the latter category were articles and advertisements which included explicit, crude and tasteless sexual references, articles which promoted, or at least condoned, the use of drugs, and articles accusing the Flat River police of substance abuse. Gerig critiqued the material to the class indicating the unacceptability of some of the material. He did not retrieve all copies of the publication after the class and some copies achieved a general circulation within the school and the community at large.

Upon the matter being brought to his attention the superintendent of the district suspended Gerig and served him with a notice of charges. Following a hearing before the Board of Education, Gerig's indefinite teaching contract was terminated for "immoral conduct." He appealed to the circuit court pursuant to Sec. 168.120 RSMo 1986.

While that appeal was under submission, Gerig filed a claim for unemployment benefits with the Missouri Division of Employment Security. The deputy, the appeals tribunal and the Labor and Industrial Relations Commission all found that Gerig had been discharged for misconduct connected with his work. Specifically, the Commission found that "claimant's negligence in not refusing to accept, prepare, duplicate or distribute the material was in such degree as to show an intentional and substantial disregard of the employer's interest and was, accordingly, misconduct connect-

ed with his work." The Commission made no findings that Gerig's conduct was "immoral." No judicial review of the Commission decision was sought by Gerig, and it became final.

■ Thereafter, the school board filed its motion for summary judgment on the basis "that an unappealed decision of the Labor and Industrial Relations Commission collaterally estops Appellant from relitigating fact issues in this action." The memoranda in support and in opposition to this motion dealt solely with the issue of collateral estoppel and specifically with the application of *Bresnahan v. May Department Stores Company*, 726 S.W.2d 327 (Mo. banc 1987). The court's order read, "Respondent's Motion for Summary Judgment, upon due consideration of the Court, is hereby sustained." Where a trial court gives no reason for its order we presume it was granted on the grounds set forth in the motion seeking the order. *First Nat. Bank of Colo. Springs v. Mark IV*, 591 S.W.2d 63 (Mo.App.1980) [7–9]. At the same time the trial court denied Gerig's request for an evidentiary hearing pursuant to Sec. 536.140.4, RSMo 1986. That request sought an evidentiary hearing to "hear and consider evidence to be offered by Appellant of irregularities in the procedure used by Respondent Board of Education to terminate the indefinite teaching contract of Appellant and/or evidence to be offered by Appellant of unfairness by Respondent Board of Education not shown in the record."

In *Bresnahan, supra,* the Supreme Court recognized that a prior adjudication of a fact issue by an administrative tribunal could be invoked as collateral estoppel in a subsequent judicial proceeding. *Bresnahan* is not applicable here for at least two reasons.

■ Initially the determination by the Commission was not a prior adjudication. The action pending in the Circuit Court was an appeal from the decision of the Board of Education. That decision pre-dated the action of the Commission and the appeal was pending in the trial court when the Commission decision was made. The Commission decision was not a prior adjudication, it was a subsequent one.

Review by the Circuit Court of an administrative decision is severely limited in scope. Its inquiry is limited to whether the action of the agency: (1) is in violation of constitutional provisions; (2) is in excess of the statutory authority or jurisdiction of the agency; (3) is unsupported by competent and substantial evidence upon the whole record; (4) is, for any other reason, unauthorized by law; (5) is made upon unlawful procedure or without a fair trial; (6) is arbitrary, capricious or unreasonable; or (7) involves an abuse of discretion. The role of the court is not to find facts but rather to determine whether or not there was substantial evidence to support the facts found by the agency. *Willis v. School District of Kansas City*, 606 S.W. 2d 189 (Mo.App.1980) [1]. Certainly the decision of the Commission is no basis for evaluating the sufficiency of the evidence before the Board of Education to support its findings. *Bresnahan* has no applicability to the issue before the court on administrative review.

■ Secondly, in order to invoke the doctrine of collateral estoppel (fact preclusion) the issue decided in the prior proceeding must be identical with the issue in the present action. *Bresnahan, supra.* [2]. Gerig was charged and found by the Board to have engaged in "immoral conduct." That is one of six grounds upon which a tenured teacher may be discharged. Sec. 168.114, RSMo 1986. The Commission found that Gerig was "negligent" in such degree as to show "substantial disregard of the employer's interest," and that constituted misconduct. "Negligence" and "immoral conduct" are not synonomous. The charge leveled against Gerig by the Board was immoral conduct, one of a limited number of statutory grounds for discharge. Inmoral conduct was not the finding made by the Commission. The issue decided by the Commission was not the same issue before the Board or the Circuit Court. The trial court erred in granting the motion for summary judgment and that order is reversed.

■ The order denying Gerig's request for evidentiary hearing is not an appealable order and is interlocutory in nature. Sec. 536.140.4, RSMo 1986, provides that the reviewing court "may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record." The use of the term "may" reflects that the granting of such an evidentiary hearing is within the discretion of the trial court. *Gore v. Wochner*, 558 S.W.2d 333 (Mo.App.1977) [3, 4]. On remand the trial court should permit Gerig to establish on the record his specific grounds for seeking such a hearing. The court can then exercise its discretion as to the need for such a hearing bearing in mind that justice is best served where litigants have an opportunity to present their evidence to the fact-finder.

The trial court has not reviewed the merits of Gerig's appeal. Until it has done so, our appellate review function has not been properly invoked. We therefore decline to pass on the merits of the Board decision.

Judgment reversed and cause remanded for further proceedings.

SATZ and CRIST, JJ., concur.