Carroll B. GERIG, Respondent,

v.

BOARD OF EDUCATION OF the CENTRAL SCHOOL DISTRICT, R–III, Appellant.

No. 61271.

Missouri Court of Appeals, Eastern District, Southern Division.

Oct. 13, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 19, 1992.

Application to Transfer Denied Dec. 18, 1992.

---

Thomas A. Mickes, Timothy J. Sarsfield, St. Louis, for appellant.

David L. Mayhugh, Flat River, for respondent.

Sally E. Barker, St. Louis, for amicus curiae, Missouri–National Educ. Ass'n.

CRIST, Judge.

Appellant (Board) appeals from a judgment of the circuit court which reversed the decision of Board terminating the employment of Respondent (Teacher). Teacher was terminated for immoral conduct rendering him unfit to teach. We reverse the judgment of the circuit court and remand to the circuit court, directing it to reinstate the Board's decision to terminate Teacher's employment.

The litigants have followed an expensive and torturous path from a decision of the Board in 1986 to the present. The Board rendered its decision on May 21, 1986. Teacher appealed to the circuit court. The circuit court granted a summary judgment in favor of Board on a collateral issue. Teacher appealed to this court. On December 20, 1988, this court reversed the decision of the circuit court and remanded the case to the circuit court. *Gerig v. Board of Education of Central School District*, 767 S.W.2d 586 (Mo.App.1988). The circuit court reversed the decision of the Board. The case is in this court for the second time.

We consider the evidence in a light most favorable to the Board's decision, along with all reasonable inferences supporting it. *Burgess v. Ferguson Reorganized School District*, 820 S.W.2d 651, 652 (Mo.App.1991).

Teacher was a tenured teacher who was discharged after a contested hearing. He

taught English and media classes at the high school. As part of a media class assignment, students submitted news stories, features, cartoons and advertisements to be included in a publication entitled the Buschwacker Times. The publication was distributed on April 1 and was intended for use by the class only. Teacher edited the articles removing "four letter" words which he considered inappropriate, then typed and printed the paper and distributed it to the class.

The publication in final form contained some articles appropriate for a high school journalism class project, and some materials which were not appropriate. In the latter category were articles and advertisements which included explicit, crude and tasteless sexual references, articles which promoted, or at least condoned, the use of drugs, and articles accusing the Flat River police of substance abuse. Teacher critiqued the material to the class indicating the unacceptability of some of the material. He did not retrieve all copies of the publication after the class, and some copies achieved a general circulation within the school and the community at large.

Upon the matter being brought to his attention, the superintendent of the district suspended Teacher and served him with a notice of charges.

Board urges reversal of the circuit court's judgment which reversed the Board's decision to terminate Teacher's employment. Board contends its decision that Teacher had engaged in immoral conduct was supported by competent and substantial evidence on the whole record.

■ We review the decision of the Board, not that of the circuit court. *City of Cabool v. State Bd. of Mediation*, 689 S.W.2d 51, 53 (Mo.banc 1985). Our review is limited to whether Board's decision is supported by competent and substantial evidence on the whole record. *Carron v. Ste. Genevieve School Dist.*, 800 S.W.2d 64, 67 (Mo.App.1990). There is a strong presumption of validity in favor of Board's decision, and that decision cannot be reversed simply because we might have reached a different initial conclusion. *Id.* The strong presumption in favor of Board's decision can

only be overcome by a clear and convincing showing the Board's decision was arbitrary, capricious, unreasonable or an abuse of discretion. *Aubuchon v. Gasconade County R–I School Dist.*, 541 S.W.2d 322, 326 (Mo.App.1976).

■ Our scope of review is less restricted when an agency's interpretation or application of a law or legal standard is challenged. "In such case the reviewing court may independently weigh the evidence and resolve factual issues, but in so doing the court shall give due weight to the opportunity of the agency to observe the witnesses, and to the expertness and experience of the particular agency." *Lile v. Hancock Place School District*, 701 S.W.2d 500, 504 (Mo.App.1985).

A tenured teacher may be terminated for one of six statutorily enumerated reasons. RSMo 168.114 (1986). Teacher was terminated for "immoral conduct." Under the statute, "immoral conduct" means "immoral conduct rendering the teacher unfit to teach." *Schmidt v. Board of Education*, 712 S.W.2d 45, 48 (Mo.App.1986).

Teacher was responsible for the publication and dissemination of the Buschwacker. He read, and approved for publication, every article and advertisement contained therein. He understood the meaning and import of each and every article and advertisement which he approved for publication. He edited the submitted material and typed articles into the school computer.

In addition, he authored the following introduction:

Inside this April 1 edition of this newspaper, readers will find a variety of news, features, cartoons, editorials and ads. You will be *thrilled to read* the latest obituaries, two *exciting advice columns*, and the latest in sports, both local and national.

An editorial will really make you think about an important topic, also. (Emphasis added.)

The "advice column" included:

Dear Rollo:

Lately I haven't been having sexual intercourse as much as I think I could be.

I want to, but my mate must not find me as attractive as he used to. What can I do.

Confused

Dear Confused:

You need to get out more and leave the stupid zero at home. *Go party, smoke some pot, get drunk* and do all you can to make up for all the time you lost with your mate. (Emphasis added.)

Dear Rollo:

My wife last night closed up and I got confused and I also got stuck. Please help me.

In Pain

Dear In:

Try going to your nearest drug store and buying some contraceptive jelly or Vaseline and go at it. I'm sure you won't get confused or stuck again.

Dear Rollo:

Lately I've had a problem. Every time I have sex with my wife, she is getting depressed because I lose my erection before either of us hits our climax. I don't know why I keep telling her it's not her fault, but she doesn't listen. What should I do?

Limpy

Dear Limpy:

Tell her there's no sense in getting depressed. Just save popsicle sticks and make a device that slips over the penis and you shouldn't have any problem of going limp. Tie one on and go to town. P.S. You can also use Vaseline.

One of the "latest obituaries" included:

John (*Jack*) *Mehoff*, 32, of Gumbo died of severe, massive heart attack during sexual intercourse with a lady of the afternoon, morning, and evening. (Emphasis added.)

The publication continued:

When you get "busted" for drugs or alcohol, do you really know what happens? When kids get "busted" for alcohol or drugs, they get written up and taken to the police station, but you never know what really happens with the drugs and alcohol.

The cops that bust you (you'll notice that there are always more than one cop at the incident) do their little job, then go sit at Flat River Bowling Alley or somewhere and roll themselves a few, and get high and drunk....

If you don't want a cop to smoke or drink your money away, the best policy is don't get caught with it and you can have it all.

Dr. St. Gemme testified as an expert that high school students would view Teacher's typing, printing and distribution of the Buschwacker as tacit approval of the content of its articles.

Teacher asserts he should be excused even though the Buschwacker contained filthy, profane, trash, vulgar and immoral material, because (1) uncontroverted evidence established it was a teaching technique, and (2) the record lacked competent and substantial evidence to satisfy the legal test for immoral conduct.

We turn to the allegation that Teacher's conduct did not constitute immoral conduct because it was a teaching technique. Recent Supreme Court precedent recognizes both a school district's right to disassociate itself from offensive speech, as well as the fact that teachers serve as "role models" who must teach "by example the shared values of a civilized social order." *See* e.g., *Hazelwood School Dist. v. Kuhlmeier*, 484 U.S. 260, 272, 108 S.Ct. 562, 570, 98 L.Ed.2d 592 (1988); *Bethel School Dist. No. 403 v. Fraser*, 478 U.S. 675, 683, 106 S.Ct. 3159, 3164, 92 L.Ed.2d 549 (1986). In the context of teaching by example the shared values of a civilized social order, the Sixth Circuit has written:

We may disagree with the choices [of local school officials], but unless [those choices] are beyond the constitutional pale we have no warrant to interfere with them. Local control over the public school, after all, is one of this nation's most deeply rooted and cherished traditions.

*Poling v. Murphy*, 872 F.2d 757, 762–63 (6th Cir.1989).

Board found some of the articles in the Buschwacker Times had "the effect of condoning and encouraging student drug use and student sexual conduct and undermine student morals, discipline in the schools,

and respect for school and police authorities." It also found some of the articles "blatantly obscene." Dr. St. Gemme's expert testimony along with the articles, themselves, constitute substantial and competent evidence to support these findings. *See Schmidt v. Board of Ed. Raytown Consolidated School Dist. No. 2,* 712 S.W.2d 45, 48 (Mo.App.1986) (teachers properly terminated for allowing students of opposite sex to share room, even though no evidence of sexual misconduct). Under the principles recognized in *Hazelwood* and *Poling,* Board had the right to terminate teacher for his unacceptable conduct, regardless of whether or not it was a "teaching technique."

We turn to whether the conduct fell within the statutory definition of immoral conduct. "This question involves the application of a legal standard to particular facts, and thus our scope of review on this issue is substantially independent." *Lile,* 701 S.W.2d at 505.

As we have stated, substantial evidence supports Board's findings that Teacher published and distributed a newspaper which condoned sexual conduct and drug use, and undermined student morals, school discipline, and respect for police. Giving due weight to Board's expertise, we find Teacher's conduct constituted immoral conduct which the Board could find rendered him unfit for his duties. Teacher's conduct was more than an exercise of bad judgment, it violated "even the most relaxed standards of acceptable human behavior." *See Kimble v. Worth County R–III Board of Education,* 669 S.W.2d 949, 953 (Mo.App.1984).

Teacher also asserts that the Board's decision was properly reversed because Board characterized the question of whether Teacher's actions constituted immoral conduct as a pure fact issue. Teacher's argument is without merit. "An erroneous finding or conclusion by an administrative agency is not grounds for reversal of the agency's decision if other competent and substantial evidence supports that decision." *Lile,* 701 S.W.2d at 504.

Judgment of the circuit court is reversed and the case is remanded to the circuit court, with directions for it to reinstate the Board's decision to terminate Teacher's employment.

KAROHL, C.J., and AHRENS, J., concur.