James H. CARTWRIGHT, Jr., Appellant,

v.

**WELLS FARGO ARMORED SERVICES, Defendant,**

**Missouri State Treasurer as Custodian of the Second Injury Fund, Respondent.**

**No. WD 51855.**

Missouri Court of Appeals,
Western District.

May 7, 1996.

**166**

John B. Boyd, Michelle Daum Haskins, Connaughton, Boyd & Kenter, P.C., Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Randell G. Collins, Asst. Atty. Gen., Kansas City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

James Cartwright appeals the order of the Labor and Industrial Relations Commission, adopting the administrative law judge's findings, denying him benefits from the Second Injury Fund. The commission determined that the threshold requirements set forth in amended section 287.220 RSMo (1993) were to be applied retrospectively to Mr. Cartwright's case and that Mr. Cartwright did not meet these threshold limits.

The denial of benefits from the Second Injury Fund is affirmed as modified.

Mr. Cartwright suffered an injury to his right knee on May 7, 1990. This injury still causes him pain and impairs his ability to sit or stand for any length of time. Mr. Cartwright suffered another work related injury on September 27, 1990, when he injured his lower back. Dr. Smith, the physician consulted upon filing for compensable injury, rated Mr. Cartwright's right knee at 11.5% permanent partial disability and his lumbosacral spine injury was rated between 10–15% permanent partial disability to the body as a whole.

After a hearing, the Administrative Law Judge (ALJ) denied Second Injury Fund liability, finding that the injury to Mr. Cartwright's back and his preexisting conditions did not combine to result in a greater disability. The ALJ's determination was made using the statutory provisions in effect at the time of Mr. Cartwright's injury. The Labor and Industrial Relations Commission affirmed the denial of compensation but determined that the 1993 amendments to section 287.220 RSMo should have been applied retrospectively in determining Second Injury Fund liability. Mr. Cartwright did not meet the minimum threshold requirements contained in the amendments for either his preexisting or primary injury and, therefore, was denied recovery.

■ Mr. Cartwright asserts that the Labor Industrial Relations Commission erred in applying the 1993 amendments to section 287.220 RSMo retrospectively because the amendments constituted a substantive change in the law, and retrospective application would violate the Missouri Constitution.[1] Decisions of the commission that are clearly

---

1. Mr. Cartwright, in his brief, also raises a question of whether the threshold requirements of the amended statute violate the American with Disabilities Act. He then requests this court not to make the determination whether his rights have been violated under the Americans with Disabilities Act. This point is abandoned and will not be addressed.

an interpretation or application of the law are not binding upon this court and fall within this court's province of review and correction. *West v. Posten Constr. Co.,* 804 S.W.2d 743, 744 (Mo. banc 1991).

■ Generally, no law is to be applied retroactively. Article I, section 13, Missouri Constitution. Only two exceptions to this rule exist: 1) where the legislature manifests a clear intent for retrospective application; and 2) where the statute is only procedural and does not affect any substantive right of the parties. *Gershman Investment Corp. v. Duckett Creek Sewer Dist.,* 851 S.W.2d 765 (Mo.App.1993). The commission relied on *Leutzinger v. Treasurer,* 895 S.W.2d 591 (Mo.App.1995), in determining that the threshold disability requirements of the 1993 amendments to section 287.220 should apply retrospectively. *Leutzinger* held that the amended statute was remedial and, therefore, met one of the exceptions to retrospective application. *Id.*

The issue in *Leutzinger* revolved around the clarification of the required level of severity a preexisting injury must manifest to establish Second Injury Fund liability; a different portion of the amendment than the threshold requirement. Historically, an "industrial disability" standard was applied to the preexisting disability, but the amended section more thoroughly defines the level of preexisting injury needed for a claim.[2] The *Leutzinger* court held this provision to be remedial, resulting in retrospective application. *Id.* This portion of the amendment did not affect a substantive right of any of the parties.

■ Alteration of the threshold requirements for recovery, by contrast, constitutes a substantive change in the law. *Fletcher v. Treasurer,* 922 S.W.2d 402 (Mo.App.W.D. 1996); *Smart v. Missouri State Treasurer,* 916 S.W.2d 367, 371 (Mo.App.1996). Prior to the amendment, if the commission found that the preexisting injury was industrially disabling and combined with the primary injury to result in a greater disability than the primary injury caused alone, an award from the Second Injury Fund was appropriate. This liability was not contingent on the employee demonstrating any threshold percentage of disability.[3]

■ The commission erroneously determined that the threshold disability provisions of the 1993 amendments to Section 287.220 apply retrospectively. However, an erroneous conclusion by an administrative agency is not grounds for reversal if the agency's decision is otherwise supported by competent and substantial evidence. *Gerig v. Board of Education of Cent. School Dist., R–III,* 841 S.W.2d 731, 735 (Mo.App.1992). The ALJ's findings adopted by the commission concluded that Mr. Cartwright's injuries did not synergistically combine to result in a greater disability than the simple sum of the two injuries.[4] Therefore, denial of Second Injury Fund liability was appropriate without application of the threshold requirements of the amended statute. The 1993 amendment to the statute did not change the requirement that the two injuries combine to result in a greater injury than the simple sum of the injuries together.

2. "If any employee who has a preexisting permanent partial disability whether from compensable injury or otherwise, of such seriousness as to constitute a hindrance or obstacle to employment or to reemployment if the employee becomes unemployed, and the employee becomes unemployed, ..." Section 287.200.1 RSMo (1993).

3. After the 1993 amendment, the Second Injury Fund is not liable unless each of the preexisting and primary injuries meet the equivalent of a 12.5% permanent partial disability to the body as a whole or 15% permanent partial disability if a major extremity and the combination of the disabilities is synergistically substantially greater than the simple sum. Section 287.220 (1994).

4. The commission's Final Award Denying Compensation stated: "The holding of Administrative Law Judge, Mark S. Siedlik, is supported by competent and substantial evidence and made in accordance with the Missouri Workers' Compensation Act. That decision is attached and incorporated by reference." The Administrative Law Judge had found that:

> ... after careful review of the evidence and testimony presented, the greater weight of the credible evidence leads me to conclude that the claimant has not met his burden of proof to establish multiple disabilities significant enough to combine and create a greater overall disability because of that combination.

The denial of Second Injury Fund liability is affirmed as modified.

All concur.