Ray A. Gerritzen, St. Louis, for appellant.

Steve Shapiro, St. Louis, for respondent.

CRAHAN, Presiding Judge.

Monroe PARHAM, Appellant,

v.

**GENERAL MOTORS CORPORATION,**
**Employer/Insurer,**

and

**Second Injury Fund, Respondent.**

**No. 70051.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 5, 1996.

Monroe Parham ("Claimant") appeals the award of the Labor and Industrial Relations Commission ("LIRC") denying his claim for permanent partial disability against the Second Injury Fund ("SIF"). Claimant contends that the LIRC erred in applying the minimum thresholds of § 287.220.1 RSMo 1994 retroactively to his claim and that the record does not support the Commission's finding that he failed to provide expert testimony to support his claim against the SIF. We reverse and remand.

SIF concedes that LIRC's retroactive application of the minimum thresholds of § 287.220.1 is erroneous. *Smart v. Missouri State Treasurer,* 916 S.W.2d 367 (Mo.App. 1996). SIF urges, however, that a mistaken conclusion by an administrative agency is not grounds for reversal if the agency's decision is otherwise supported by competent and substantial evidence. *Cartwright v. Wells Fargo Armored Svcs.,* 921 S.W.2d 165, 167 (Mo.App.1996). Here, the LIRC found that Claimant had failed to produce expert medical opinion evidence that the combined effect of the work-related and pre-existing disabilities resulted in a greater disability than their simple sum as required by § 287.220 RSMo

1986, the version of the statute applicable to this claim. *See Searcy v. McDonnell Douglas Aircraft Co.*, 894 S.W.2d 173, 177 (Mo. App.1995).

Claimant counters that he did indeed submit such evidence but it was either misplaced or overlooked by LIRC in reaching its decision. Specifically, Claimant points to the report of Dr. Poetz, Claimant's medical expert, offered and admitted as Exhibit 2 to his deposition, in which Dr. Poetz opined that "[t]he combination of the present and prior disabilities results in a total which exceeds the simple sum by 10%." At Dr. Poetz's deposition, all parties stipulated that he would testify in accordance with what he stated in his medical report.

As originally certified by the LIRC, the record filed with this court did not contain a copy of Dr. Poetz's report. After the briefs were filed, however, the LIRC supplemented the record, certifying that Exhibit 2 had been erroneously omitted from the record on appeal. In view of Dr. Poetz's statement quoted above, it is apparent that the LIRC's finding that Claimant failed to submit expert medical opinion evidence which would support SIF liability is not supported by substantial evidence. Accordingly, we reverse the award and remand for further proceedings consistent with this opinion.

GRIMM and HOFF, JJ., concur.