**John LEUTZINGER, Claimant/Appellant,**

v.

**The TREASURER OF MISSOURI CUSTODIAN OF the SECOND INJURY FUND, Defendant/Respondent.**

**No. 65949.**

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 31, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 7, 1995.

Application to Transfer Denied April 25, 1995.

Robert A. Bedell, King, Weier, Hockensmith & Sherby, P.C., St. Louis, for claimant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Vicky L. Anthony, Asst. Atty. Gen., Cape Girardeau, for defendant/respondent.

PUDLOWSKI, Judge.

Claimant appeals a decision of the Labor and Industrial Relations Commission denying him compensation from the second injury fund. The Commission erred by using the old "industrial disability" standard, with re-

spect to previous conditions, instead of the new standard found in the legislature's 1993 revision and clarification of § 287.220.1. We reverse and remand.

Claimant was employed by Crystal City Public Schools as a maintenance worker from 1981 to 1989. On August 26, 1987, he was moving boxes underneath a stadium stage when he injured his back.

The record shows that claimant had suffered a number of previous injuries:

1938—sledding accident, causing a thigh laceration and scarring.

1957—viral meningitis, causing pain in his back and legs, and swelling in one leg with *occasional residual pain; also causing him* to miss one month of work.

1957—on the job back injury, causing him to miss two weeks of work.

1966—stomach ulcers.

1975—right foot caught in lawn mower. Part of one toe amputated.

1985—left hand injury.

March, 1987—strained back while pulling out gymnasium bleachers, causing him to miss four weeks of work.

In addition, there was evidence introduced by both parties' physicians that claimant was suffering from a degenerative hip disease, which predated the August, 1987, accident. However, the Commission found that the hip condition did not predate the August, 1987, accident because the physicians based their assessments solely upon examinations, reports, and x-rays taken after the August, 1987, accident.

The sole issue for the Commission was the liability of the second injury fund, because claimant had previously settled with his employer. The administrative law judge (ALJ) found, and the Commission adopted, an award denying claimant any recovery from the second injury fund. The Commission submitted the following reasons for this award:

In weighing all of the evidence, it is found that there is insufficient evidence supporting the claimant's contention of: 1) a preexisting left hip condition; and 2) of any preexisting industrial disability.

Additionally,.... In reviewing the evidence, it is found that there is no medical evidence stating that the combination of the claimant's preexisting physical problems with the disability resulting from the 8/26/87 injury is greater than the sum....

For all of the above reasons, the claim against the Second Injury Fund is denied. The remaining issue [partial v. total disability] is therefore moot.

In this appeal we review only questions of law and must defer to the Commission on all findings of fact. Section 287.495 RSMo 1986.

The Commission erred in interpreting and applying the law by using the outmoded "industrial disability" standard in evaluating claimant's preexisting injuries. A claimant must have a permanent "previous disability" in order to trigger section 287.220.1 RSMo Supp.1993 (the second injury fund statute). "Disability" had been interpreted to relate to "disability to work," and to mean an "industrial disability," or "loss of earning capacity." *Wilhite v. Hurd,* 411 S.W.2d 72, 77 (Mo. 1967). It did not simply mean any preexisting medical condition. *Id.* If an employee could not establish that he had a preexisting disability which was either "industrial" or related to his "loss of earning capacity," he could not collect from the second injury fund.

We note that the term "industrial disability," which has required much interpretation and reinterpretation by the courts, never arises in the statute. Rather, the term itself was judicially created to insure that § 287.220 would be used only for those who had previously suffered a bona fide work-related disability. *Wilhite,* 411 S.W.2d at 77. This was in keeping with the purpose of § 287.220, which was enacted to encourage employment of disabled workers by reducing the liability of their employers. *Meilves v. Morris,* 422 S.W.2d 335, 338 (Mo.1968). If a claimant could not establish that his previous ailment was industrially disabling, § 287.220 would not apply. Therefore, the employer's liability would not be reduced, and the second injury fund would not be liable. *Id.*

■ The judicial construct of "industrial disability" was superseded on June 21, 1993, by the Missouri Legislature, when it amend-

ed § 287.220.1 to make it clear which preexisting conditions would be considered serious enough to trigger the statute. Laws of 1993, pp. 779–80. With respect to permanent partial disabilities, the statute now reads:

> If any employee who has a <u>preexisting</u> permanent partial disability whether from compensable injury or otherwise<u>, of such seriousness as to constitute a hindrance or obstacle to employment or to obtaining reemployment if the employee becomes unemployed, and the preexisting permanent partial disability, if a body as a whole injury, equals a minimum of fifty weeks of compensation or, if a major extremity injury only, equals a minimum of fifteen percent permanent partial disability, according to the medical standards that are used in determining such compensation,</u> receives a subsequent compensable injury resulting in additional permanent partial disability so that the degree or percentage of disability<u>, in an amount equal to a minimum of fifty weeks compensation, if a body as a whole injury or, if a major extremity injury only, equals a minimum of fifteen percent permanent partial disability,</u> caused by the combined disabilities is <u>substantially</u> greater than that which would have resulted from the last injury, considered alone and of itself, and if the employee is entitled to receive compensation on the basis of the combined disabilities, the employer at the time of the last injury shall be liable only for the degree or percentage of disability which would have resulted from the last injury had there been no preexisting disability. After the compensation liability of the employer for the last injury, considered alone, has been determined by an administrative law judge or the commission, the degree or percentage of employee's disability that is attributable to all injuries or conditions existing at the time the last injury was sustained shall then be determined by that administrative law judge or by the commission and the degree or percentage of disability which existed prior to the last injury plus the disability resulting from the last injury, if

any, considered alone, shall be deducted from the combined disability, and compensation for the balance, if any, shall be paid out of a special fund known as the second injury fund, hereinafter provided for. (1993 amendments underlined). (Laws of 1993, p. 780).

Instead of the judicially created "industrial disability" requirement, the legislature has provided that the preexisting injury must be "of such seriousness as to constitute a hindrance or obstacle to employment or to obtaining reemployment if the employee becomes unemployed." *Id.* In addition, for injuries resulting in permanent partial disability, the preexisting injury to a body as a whole must equal a minimum of fifty weeks of compensation, or if an injury to a major extremity only, must equal a minimum of fifteen percent permanent partial disability. For injuries resulting in permanent total disability, the latter minimum requirements for the preexisting injury do not apply: "If the previous disability or disabilities, whether from compensable injury or otherwise, and the last injury together result in total and permanent disability, *the minimum standards under this subsection for a body as a whole injury or a major extremity injury shall not apply . . . ." d.*

Therefore, as of June 21, 1993, the proper criteria for determining whether a preexisting injury is serious enough to trigger the provisions of § 287.220 RSMo Supp.1993 are as follows: The preexisting injury need only be a "hindrance or obstacle to employment or to obtaining reemployment." The additional requirements of fifty weeks for injuries to the body as a whole or fifteen percent for major extremities apply only to those injuries resulting in permanent partial disability. As always, the criteria should be applied liberally in favor of compensating the employee. *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781, 783 (Mo. banc 1983). Accordingly, we expect that any preexisting injury which could be considered a hindrance to an employee's competition for employment in the open labor market should trigger second injury fund liability.[1]

---

1. In the case of total and permanent disability, only, the employee is better compensated when

§ 287.220 RSMo Supp.1993 is triggered than when it is not. When § 287.220 is triggered, the

■ The ALJ made her award denying compensation on September 16, 1993, and the Commission affirmed this award and incorporated it by reference on March 23, 1994. The legislature amended the statute on June 21, 1993. Statutory amendments to remedial statutory provisions, such as the one involved here, should be applied retroactively to pending cases. *Vaughan v. Taft Broadcasting Co.,* 708 S.W.2d 656, 659–61 (Mo. banc 1986). The ALJ should have applied the new standards as set forth by the legislature on June 21, 1993, instead of the old "industrial disability" standard created by the courts. The ALJ specifically referenced the term "industrial disability," and case law interpreting that standard, in her rulings. To the extent that the Commission relied on this "industrial disability" standard instead of the new standards set forth by the legislature, this was an error in the application of law. We reverse and remand for a determination of whether claimant's previous injuries were serious enough to trigger § 287.220.1 RSMo Supp.1993.

The Commission's additional ruling that claimant failed to present evidence that the combined resulting disability was greater than the sum of his present and previous injuries is premature. This combination is only relevant if the resulting disability is a permanent partial disability, and the combination formula does not apply to permanent total disability, which has a wholly separate formula. Section 287.220.1 RSMo Supp.1993. The Commission never reached the question of whether claimant's disability was total or partial. If, upon remand, the Commission determines that claimant now suffers from permanent total disability, claimant's failure to show that the combination of the injuries is greater than the simple sum of the injuries, considered alone, ought not impede claimant's recovery.

For the foregoing reasons, the award of the Commission is reversed and remanded for a determination in accordance with this opinion.

SMITH, P.J., and WHITE, J., concur.

second injury fund is liable for total permanent disability, less the amount of the last injury considered alone. Employer is liable for only the amount of the last injury considered alone. Consequently, the employee is fully compensated for total and permanent disability from these two sources.

When § 287.220 is not triggered, the second injury fund is not liable, but the employer no longer receives its reduction in liability, and employer remains liable under § 287.200 for total and permanent disability, less the amount of the first injury (not arising out of employment); therefore, employee is compensated only for total and permanent disability, less the amount of the first injury.

Whether or not § 287.220 is triggered, the employee will receive the total disability payments for life. When the second injury fund pays the total disability, instead of the employer, employee receives the bonus of having his previous condition also compensated. This bonus effect for total permanent disability was noted in Slusher, "The Second Injury Fund," 26 *Mo. L.Rev.* 328, 330–32 (1961).