Paula Ann MARGASON, Appellant,

v.

SENACK SHOES, INC.,

and

Treasurer of the State of Missouri, as custodian of the Second Injury Fund, Respondents.

No. 65400.

Missouri Court of Appeals,
Eastern District,
Division One.

March 7, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1995.

Application to Transfer Denied
June 20, 1995.

Ronald A. Caimi, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondents.

CRAHAN, Judge.

Appellant, Paula Ann Margason, appeals an award of the Labor and Industrial Relations Commission which found that she was not permanently and totally disabled. We reverse and remand.

On March 1, 1989, appellant, an employee of respondent Senack Shoes, Inc., injured her right knee while setting up a shoe display. Both an arthrotomy and an arthroscopic procedure were performed on the knee. Since the injury to her knee, appellant experiences difficulty in kneeling, bending, climbing stairs, sitting or standing for prolonged periods of time, and lifting any kind of weight. Appellant has not been able to find work since the injury.

Appellant claims several prior disabilities. In 1983, appellant fractured her left elbow in a fall, and since then has complained of limited movement in that arm. Her left arm is now slightly shorter than her right due to the injury. Also, appellant was diagnosed with diabetes while being treated for her elbow injury; she experiences diabetes-induced dizzy spells when under stress. Appellant also alleges an earlier injury to her wrist.

Appellant is currently 44 years old and a high school graduate. Her work experience consists primarily of clerical jobs. Appellant first found employment as a bank teller from 1968 to 1973, but left due to problems she had with a pregnancy. Appellant then worked as a cashier and waitress for two years until 1976, when she left during another pregnancy. After a few years of unemployment, appellant next worked as a credit card authorization operator until 1983, when she resigned due to personal conflicts with two other workers. Appellant worked as a bank teller again from 1986 to 1987 but was laid off as business at the bank declined. Appellant was then hired by Senack Shoes, her employer on March 1, 1989, when appellant injured her knee. Significantly, until appellant hurt her knee in 1989, she never had to leave employment due to injury.

Appellant brought workers' compensation claims against her employer and the Second Injury Fund. Appellant alleged her knee injury, in conjunction with her prior disabilities, left her permanently and totally disabled. On September 25, 1992, appellant settled her claim against her employer based on permanent partial disability of 47.5 percent of the whole person with reference to her knee, and received a lump sum payment of $12,666.92. On that same date, a hearing was held before the Administrative Law Judge ("ALJ") on appellant's claim against the Second Injury Fund.

At the hearing, appellant and the Second Injury Fund each entered an expert opinion into evidence. Appellant entered the opinion of Dr. Morrow, who had examined appellant on September 19, 1990. Dr. Morrow opined that appellant sustained permanent partial disability of 65 percent of the whole person with reference to her knee, preexisting permanent partial disability of 15 percent with reference to her diabetes, and an unquantified amount of permanent partial disability with reference to her elbow and wrist. Dr. Morrow testified appellant was capable of working at a sedentary occupation so long as it did not involve prolonged standing or descending of steps or prolonged sitting without opportunities to get up and walk around. However, no evidence was presented as to the availability of work which would satisfy such restrictions.

The Second Injury Fund entered the opinion of Dr. Costen, who had examined appellant on May 29, 1992. Dr. Costen opined that appellant sustained permanent partial disability of 40 percent of the whole person with reference to her knee and permanent partial disability of 20 percent with reference to her elbow. Dr. Costen asserted appellant was unemployable in the open labor market due to these disabilities.

On November 4, 1992, the ALJ entered an award in favor of appellant. The ALJ ap-

proved the settlement between appellant and her employer. The ALJ deemed appellant's injured elbow to be her sole preexisting disability. Finally, the ALJ determined the combination of the injuries to appellant's knee and elbow to constitute permanent and total disability and imposed liability upon the Second Injury Fund.

On December 28, 1993, the Labor and Industrial Relations Commission reversed in a Final Award Denying Compensation. The Commission ruled appellant was not permanently and totally disabled, because the record did not support a finding of preexisting "industrial disability."[1] In *Leutzinger v. Treasurer of Missouri*, 895 S.W.2d 591 (Mo.App.E.D.1995), we held that the 1993 amendments to § 287.220.1 superseded the former judicially created "industrial disability" standard for determining the liability of the Second Injury Fund. *Leutzinger*, 895 S.W.2d at 594; *see also Culp v. Lohr Distributing Co.*, 898 S.W.2d 613 (Mo.App.E.D. 1995); *Wuebbeling v. West County Drywall*, 898 S.W.2d 615 (Mo.App.E.D.1995). These amendments are remedial and are to be applied to all cases pending at the time of enactment. *Leutzinger*, 895 S.W.2d at 594; *Culp*, 898 S.W.2d at 614. The instant award was entered on December 28, 1993, well after the enactment of § 287.220.1 RSMo 1994. Accordingly, we reverse the award and remand for reconsideration pursuant to § 287.220.1 RSMo 1994.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.

1. The Commission asserted the injury to appellant's elbow had never prevented appellant from finding employment before, and in no way affected her earning capacity. The Commission observed that at no time did appellant leave a job because of her injured elbow. The lapses in appellant's employment history occurred for reasons unrelated to the injury. Although supported by case law applying the now superseded "indus-trial disability" standard, it is questionable whether a requirement that a claimant demonstrate that a prior condition was "industrially disabling" *prior to* the injury which gives rise to the claim against the fund is consistent with the intent and purpose of the statute. *See Wuebbeling v. West County Drywall*, 898 S.W.2d 615 (Mo.App.E.D.1995).