L'loyd WHITT, Claimant/Respondent,

v.

**CUPPLES PRODUCTS,**
**Employer/Appellant,**

and

**Treasurer of the State of Missouri, as Custodian of the Second Injury Fund, Additional Party/Respondent.**

**No. 65726.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 7, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1995.

Application to Transfer Denied
June 20, 1995.

Maureen L. Cary, Riethmann and Valentine, St. Louis, for appellant.

Harry J. Nichols, St. Louis, for Whitt.

Jeremiah W. (Jay) Nixon, Atty. Gen., Maria W. Campbell, Asst. Atty. Gen., Jefferson City, for Second Injury Fund.

Before CRANE, P.J., and CRANDALL and DOWD, JJ.

PER CURIAM.

Cupples Products (Employer) appeals from an award of the Labor and Industrial Relations Commission (Commission). The Administrative Law Judge (ALJ) found Lloyd Whitt (Claimant) permanently and totally disabled as a result of his October 23, 1991 neck injury in combination with his preexisting injuries. The ALJ found that employer was responsible for 30% permanent partial disability and the Second Injury Fund (SIF) was liable for the permanent total disability. On February 9, 1994 the Commission, one member dissenting, found the previous injuries were not industrially disabling and therefore the SIF was not liable. The Commission concluded that employer was solely liable for claimant's permanent total disability. It affirmed the remainder of the ALJ award. Pursuant to *Wuebbeling v. West County Drywall*, 898 S.W.2d 615 (Mo. App.E.D.1995), which is also an appeal by an employer, we reverse and remand for reconsideration in light of the new standard embodied in the 1993 amendments to § 287.220.1 RSMo 1994 which were held applicable to all pending cases in *Leutzinger v. Treasurer of Missouri*, 895 S.W.2d 591 (Mo. App.E.D.1995).

Claimant filed a claim for compensation on October 25, 1991. He alleged that while in the course of employment on October 23, 1991, he fell and injured his cervical spine. The claim was heard before an ALJ on January 21, 1993. Claimant's job duties for employer included loading construction materials in the warehouse and shipping them to the job site. He also drove a truck. Prior to October 23, 1991 claimant had suffered a number of injuries to his knees, back, and neck which resulted in surgery, including three discectomies. He testified that on October 23, 1991, he was in the process of loading winches using a mechanical hoist when a load caught and knocked him over. He fell from a height of approximately four feet and landed on his right side.

The first doctor treated claimant with pain-killing medication. When the pain continued, that doctor referred claimant to Dr. David Kennedy, an orthopedic surgeon, who diagnosed a ruptured disk at C6–C7 and eventually recommended cervical surgery. In February, 1992 Dr. Kennedy performed a C6–C7 cervical discectomy and fusion on claimant.

Dr. Schaerer, claimant's expert, testified by deposition that claimant is permanently disabled. Dr. Schaerer testified that claimant's total disability was not due solely to the October 23, 1991 injury, but was caused by a combination of claimant's previous injuries with that injury.

The ALJ issued his award on April 13, 1993. He concluded that claimant was permanently and totally disabled as a result of his neck injury of October 23, 1991 in combination with his preexisting injuries, consisting of the 1971 cervical discectomy, the 1976 right knee surgery, the 1977 anterior cervical discectomy, the 1979 bilateral carpal tunnel surgeries, the 1980 partial lumbar hemilaminectomy and discectomy, and 1990 left knee surgery. He found employer responsible for 30% permanent partial disability and the SIF liable for claimant's permanent total disability.

The SIF applied for review with the Commission. On February 9, 1994 the Commission, one member dissenting, issued its award which modified the ALJ's award. It found that claimant was permanently and totally disabled and that claimant had numerous preexisting injuries, surgeries, and disabilities. However, it found the SIF had no liability because claimant's preexisting injuries were not "industrially disabling" as defined in *Shipp v. National Vendors*, 862 S.W.2d 344 (Mo.App.1993). It reversed the award against the SIF. The Commission further concluded that claimant's permanent total disability was the sole responsibility of the employer.

Employer appeals the Commission's award. On appeal employer challenges the Commission's finding that employer is solely liable for claimant's permanent and total disability and the Commission's denial of SIF liability.

■ We do not reach the merits of these contentions. In *Leutzinger* we held that the 1993 amendments to § 287.220.1 superseded the former judicially created "industrial disability" standard for determining SIF liability. *Leutzinger*, 895 S.W.2d at 594; *see also Wuebbeling*, 898 S.W.2d at 621; *Culp v. Lohr Distributing Co.*, 898 S.W.2d 613 (Mo.App. E.D.1995). These amendments are remedial and are to be applied to all cases pending at the time of enactment. *Leutzinger*, 895 S.W.2d at 594; *Culp*, 898 S.W.2d at 614. The Commission issued its award in this case on February 9, 1994, which was after the effective date of the amendments.

■ The Commission's denial of SIF liability for permanent partial disability was based on its determination that claimant's preexisting injuries were not "industrially disabling." Because this award was not rendered by the Commission until after enactment of the 1993 amendments to § 287.220.1, its use of the now superseded "industrial disability" standard was error and requires a remand for reconsideration in accordance with the new standards set forth in § 287.220.1.

Accordingly, we reverse the Commission's award and remand the cause for reconsideration pursuant to the statutory standards set forth in § 287.220.1.