William CULP, Employee–Appellant,

v.

LOHR DISTRIBUTING COMPANY, Employer–Respondent,

and

Atlantic Mutual Insurance Company, Insuror–Respondent,

and

Treasurer of Missouri, Custodian of the Second Injury Fund, Additional Party.

No. 66218.

Missouri Court of Appeals, Eastern District, Division Five.

March 7, 1995.

Motion for Rehearing and/or Transfer to Supreme Court May 2, 1995.

Application to Transfer Denied June 20, 1995.

Thomas M. Singer, Mark Edward Moreland, St. Louis, for appellant.

Todd Hilliker, St. Louis, for respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Maria W. Campbell, Asst. Atty. Gen., for Second Injury Fund.

CARL R. GAERTNER, Judge.

William Culp appeals the denial by the Labor and Industrial Relations Commission of his claim against the Second Injury Fund. We reverse and remand.

Culp was employed delivering barrels and cases of beer to retailers. On December 12, 1989, Culp was working for Lohr Distributing Company (Lohr) when he injured his shoulder. Wheeling ten cases of beer stacked on a hand cart, Culp tried to hoist the cart up a step. He felt something in his shoulder pop. Prior to this shoulder injury, Culp had suffered several other work related injuries, including an injury to his lower back.

Culp brought a Workers' Compensation claim against Lohr and against the Missouri State Treasurer, as custodian of the Second Injury Fund. After a hearing, the administrative law judge found that Culp was permanently totally disabled. He determined that Culp's shoulder injury rendered him 35 percent permanently partially disabled and this combined with Culp's previous injuries to result in permanent total disability. The

Second Injury Fund filed an application for review with the Commission.

On May 6, 1994, the Commission found that Culp was not entitled to recover from the Second Injury Fund. Citing *Shipp v. National Vendors*, 862 S.W.2d 344 (Mo.App. 1993), the Commission stated that none of Culp's previous injuries were "industrially disabling." Culp appealed.

The term "industrially disabling" is a judicially created phrase used in an effort to show that not every prior injury or physical impairment which may result from the natural degeneration of aging is necessarily sufficient to invoke Second Injury Fund liability. Rather, in order to fulfill the purpose underlying the establishment of the Second Injury Fund, the preexisting disability must be of such seriousness as to affect the individual's employability or ability to perform the duties of the employment. Unfortunately, the phrase was sometimes misconstrued so as to deprive of Second Injury Fund benefits individuals who worked regularly, although in pain, and with limitations upon their physical abilities. Perhaps in an effort to eliminate the inconsistencies flowing from the subjective standards of "industrially disabling," the General Assembly in 1993 amended the Second Injury Fund statute, § 287.220, to provide that a preexisting permanent partial disability may induce Second Injury Fund liability only if it is:

> ... of such seriousness as to constitute a hindrance or obstacle to employment or to obtaining reemployment if the employee becomes unemployed, and the preexisting permanent partial disability, if [sic] a body as a whole injury, equals a minimum of fifty weeks of compensation or, if a major extremity injury only, equals a minimum of fifteen percent permanent partial disability
> ...

§ 287.220.1 RSMo. 1994.

■ Thus, the legislature has designed a more objective standard by which Second Injury Fund liability is to be determined. The preexisting disability must be of sufficient seriousness as to hinder employment plus, in the case of additional permanent partial disability, be of sufficient significance as to be susceptible of measurable rating at least equal to the minimums set forth in the statute. If the combination of preexisting permanent partial disability and the disability resulting from the work related injury combined to cause permanent total disability, § 287.220.1 as amended provides the minimum standards shall not apply. However, the amended statute does continue to require the finding of hindrance or obstacle to employment resulting from the preexisting disability.

■ This court recently held in *Leutzinger v. Treasurer of Missouri*, 895 S.W.2d 591 (Mo.App.E.D.1995) that the amendment of § 287.220.1 was remedial and must be applied retrospectively to pending cases. This conclusion is mandated by decisions of the Missouri Supreme Court, such as *Wilkes v. Missouri Highway and Transportation Commission*, 762 S.W.2d 27, 28 (Mo. banc 1988) and *Vaughan v. Taft Broadcasting Company*, 708 S.W.2d 656, 660 (Mo. banc 1986).

In this case the Labor and Industrial Relations Commission stated that its rejection of Second Injury Fund liability was based upon its conclusion that Culp suffered from no preexisting "industrially disabling" disabilities as that term has been judicially defined. The Commission made no finding with regard to the existence of permanent total disability or regarding the nature and extent of the preexisting permanent partial disabilities. Accordingly, we remand this case to the Labor and Industrial Relations Commission for reexamination under the standards of § 287.220.1 as amended.

GRIMM, C.J., and WHITE, J., concur.