Nancy MADOUX, As Guardian and Conservator of the Estate of Eileen Miller, Plaintiff/Respondent,

v.

Donald R. WILLETT and Doris E. Willett, Defendants/Appellants.

No. 67003.

Missouri Court of Appeals, Eastern District, Division Four.

May 2, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 1995.

Lawrence O. Willbrand, St. Louis, for appellant.

Daniel M. Roddy, Portman & Copper, Clayton, for respondent.

Before AHRENS, P.J., and SIMON and KAROHL, JJ.

Gilberto GARIBAY, Appellant,

v.

MARCRAFT, INC., Defendant,

and

The Treasurer of Missouri Custodian of the Second Injury Fund, Respondent.

No. 66637.

Missouri Court of Appeals, Eastern District, Division Two.

May 15, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 1995.

Charles A. Mogab, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Vicky L. Anthony, Asst. Atty. Gen., Cape Girardeau, for respondent.

WHITE, Judge.

Gilberto Garibay (claimant) appeals an award of the Labor and Industrial Relations Commission (Commission) denying his claim for compensation from the Second Injury Fund. The Administrative Law Judge (ALJ) found claimant was permanently and totally disabled and assessed Second Injury Fund liability. Upon review, the Commission modified the award finding claimant was not permanently and totally disabled and not entitled to Second Injury Fund benefits. We reverse and remand.

Claimant was employed by Marcraft, Inc. (employer) assembling air conditioners for approximately eight months prior to his injury. On January 16, 1989, he injured his left shoulder while lifting a piece of steel.

Claimant filed a claim for compensation against his employer, its insurer, and the Second Injury Fund. Prior to trial, claimant entered into a compromise settlement with employer and insurer whereby employer and insurer agreed to pay claimant a lump sum of $14,000 based upon a 35.5 percent disability of claimant's left shoulder resulting from the January 16, 1989 injury. The sole remaining issue at the hearing was the liability of the Second Injury Fund.

During the hearing, claimant testified he suffered from a number of preexisting disabilities including sleep apnea, morbid obesity, a broken left wrist in 1978, a twisted left ankle in 1987, orthoscopic surgery on his left knee in 1988, and a tumor removed from his right arm in 1982.

The ALJ found claimant was permanently and totally disabled after the accident of January 16, 1989, and found the Second Injury Fund liable for the disability. After reviewing the evidence, hearing oral argument, and considering the whole record, the Commission modified the award, concluding claimant was not permanently and totally disabled and had no pre-existing "industrial disability" to invoke the Second Injury Fund liability for permanent and partial disability. This appeal followed.

Appellate review of a worker's compensation award is governed by § 287.495 RSMo1986. The Commission's decision may be set aside only if there is no substantial and competent evidence to support it or if it is clearly contrary to the overwhelming weight of the evidence. *Talley v. Runny Meade Estates, Ltd.*, 831 S.W.2d 692, 693 (Mo.App.E.D.1992). "In resolving issues concerning credibility of witnesses, we defer to the Commission who is charged with the responsibility of passing upon the credibility of all the witnesses." *Faubion v. Swift Adhesives Co.*, 869 S.W.2d 839, 841 (Mo.App. W.D.1994).

Claimant contends the Commission erred in finding no liability on the part of the Second Injury Fund for either permanent total or permanent partial disability because the facts as found by the Commission do not support the Commission's determination

claimant's prior disabilities were not "industrially disabling."

We need not reach the merits of claimant's argument. This court recently held in *Leutzinger v. Treasurer of Missouri*, 895 S.W.2d 591 (Mo.App.E.D.1995) the 1993 amendments to § 287.220.1 RSMo1994 superseded the former judicially created "industrially disabling" standard for determining Second Injury Fund liability. These amendments are remedial and are to be applied retrospectively to pending cases. *Id.* The Commission issued its award in this case on July 22, 1994, after the effective date of the amendments.

The Commission's denial of Second Injury Fund liability for both permanent total and permanent partial disability was based on its determination claimant's prior medical conditions were not "industrially disabling." Because this award was not rendered by the Commission until after enactment of the 1993 amendments to § 287.220.1, the Commission's use of the outmoded "industrially disabling" standard was error and requires a remand for reconsideration in accordance with the new standards set forth in § 287.220.1.

Accordingly, we reverse and remand this case to the Labor and Industrial Relations Commission for reconsideration in accordance with the standards set forth in § 287.220.1.

SMITH, P.J., and PUDLOWSKI, J., concur.