Charles E. SMART, Appellant,

v.

MISSOURI STATE TREASURER, as
Custodian of SECOND INJURY
FUND, Respondent.

No. 20487.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 17, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 8, 1996.

Application to Transfer Denied
March 26, 1996.

John B. Boyd, John R. Boyd, Connaughton, Boyd & Kenter, P.C., Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Cara Lee Harris, Asst. Atty. Gen., Springfield, for respondent.

PARRISH, Judge.

Charles E. Smart (claimant) appeals an order of the Labor and Industrial Relations Commission (the Commission) denying his claim for workers' compensation benefits against the Second Injury Fund (sometimes hereafter referred to as "the Fund"). The Commission relied on § 287.220.1[1] in denying the claim. Claimant contends, among other things, that this was a misapplication of law because the injury upon which he based his claim occurred before the effective date of the 1993 amendments to the statute; that the law in effect when his current injury occurred permits recovery from the Fund. This court agrees. The decision of the Commission is reversed and the case remanded.

On June 15, 1991, claimant sustained a work-related injury compensable under Missouri's Workers' Compensation Law. He was employed by La–Z–Boy Chair Company (the employer). On August 19, 1992, he filed a claim for his injury and sought additional benefits from the Fund for combined permanent disabilities resulting from the current injury and a previous injury. The preexisting disability was caused by an injury to claimant's right eye that occurred when he was fifteen years old.

Claimant settled his claim against the employer February 14, 1995, based on 10% disability of the left wrist. The Commission, relying on *Leutzinger v. Treasurer*, 895 S.W.2d 591 (Mo.App.1995), denied the Second Injury Fund claim on the basis of the 1993 revision to § 287.220.1 holding, "The statute as revised requires 'a minimum of 15% permanent partial disability' to a major extremity in the last compensable injury in order to mandate Second Injury Fund liability."

---

1. References to statutes are to RSMo Supp.1993 unless otherwise stated.

On June 15, 1991, the date of claimant's current injury, the statute applicable (in pertinent part) to injuries resulting in permanent disabilities to claimants with previous disabilities provided:

All cases of permanent disability where there has been previous disability shall be compensated as herein provided. Compensation shall be computed on the basis of the average earnings at the time of the last injury. If any employee who has a permanent partial disability whether from compensable injury or otherwise, receives a subsequent compensable injury resulting in additional permanent partial disability so that the degree or percentage of disability caused by the combined disabilities is greater than that which would have resulted from the last injury, considered alone and of itself, and if the employee is entitled to receive compensation on the basis of the combined disabilities, the employer at the time of the last injury shall be liable only for the degree or percentage of disability which would have resulted from the last injury had there been no preexisting disability.... [T]he disability resulting from the last injury, if any, considered alone, shall be deducted from the combined disability, and compensation for the balance, if any, shall be paid out of a special fund known as the second injury fund,....

§ 287.220.1, RSMo Supp.1990.

The application of the statute was explained in *Anderson v. Emerson Electric Co.*, 698 S.W.2d 574 (Mo.App.1985):

Under § 287.220 RSMo Supp.1984,[2] liability may be imposed upon the Second Injury Fund in two instances: (1) when the combination of a preexisting disability with a compensable disability results in a greater disability than the sum of the two disabilities considered independently, the Second Injury Fund is liable for the difference between the sum of the two disabilities and the disability resulting from their combination, or, (2) if the compensable disability is partial but when combined with the preexisting disability results in total permanent disability, the Second Injury Fund is liable for the compensation due the employee for permanent total disability, but only after the employer has paid the compensation due the employee on account of the disability resulting from the compensable injury.

*Id.* at 576.

Claimant contends his injury resulted in the circumstances summarized as (1) in *Anderson.* He contends the combined disability from the loss of sight in his right eye, a preexisting disability, and the disability to his left wrist, the injury that gave rise to his claim, is greater than the sum of the two disabilities considered independently. He concludes, therefore, that the Fund is liable for the difference between the sum of the two disabilities and the disability that resulted from their combination.

The Commission held that the change enacted in 1993 to § 287.220.1, which became effective before the hearing on the claim, requires a different result. The 1993 amendment requires that in order for the Fund to be liable as a result of a disability to an employee's major extremity, the disability from the current injury that is the basis for the claim must constitute a minimum of 15% permanent partial disability. If the current injury to a major extremity does not result in at least a 15% permanent partial disability, there is no Second Injury Fund liability.[3]

**2.** The provisions of subsection 1 of § 287.220, RSMo Supp.1984, were unchanged until the 1993 amendment of the statute.

**3.** The 1993 bill that amended the statute was C.C.S.H.S.H.C.S.S.C.S.S.B. 251, Sec. A, 1993 Mo.Laws. The language applicable to this case states:

If any employee who has a preexisting permanent partial disability whether from compensable injury or otherwise, **of such seriousness as to constitute a hindrance or obstacle to employment or to obtaining reemployment if the employee becomes unemployed, and the preexisting permanent partial disability, if a body as a whole injury, equals a minimum of fifty weeks of compensation or, if a major extremity injury only, equals a minimum of fifteen percent permanent partial disability, according to the medical standards that are used in determining such compensation,** receives a subsequent compensable injury resulting in additional permanent partial disability so that the degree or percentage of disability, ..., **if a major extremity injury only, equals a minimum of fifteen percent permanent partial disability,** caused by the combined disabilities is **substantially** greater than that which would

Claimant, in Point I, contends the Commission "erred in applying Section 287.220 R.S.Mo. (as amended, 1993) retroactively to this case in that the change in the statute is substantive and not merely procedural because the change in the statute takes away the claimant's right to recover under existing law at the time his claim arose and the time his claim was filed and the legislature did not provide for retroactive application to pending cases."

Mo. Const. art. I, § 13, declares:

That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted.

The prohibition against enactment of any law that is "retrospective in its operation" was reviewed in *Doe v. Roman Catholic Diocese*, 862 S.W.2d 338 (Mo. banc 1993). The court concluded:

Retrospective laws are generally defined as laws which "take away or impair rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past." *Lucas v. Murphy*, 348 Mo. 1078, 156 S.W.2d 686, 690 (1941), as expressed by Justice Story in *Society for Propagation of Gospel v. Wheeler*, 22 F.Cas. 756 (C.C.D.N.H. 1814) (No. 13, 156); *Dept. of Social Services v. Villa Capri Homes, Inc.*, 684 S.W.2d 327, 332 (Mo. banc 1985).

*Id.* at 340–41.

When claimant sustained his current injury, June 15, 1991, and at the time he filed his claim on August 19, 1992, the statute in effect was § 287.220.1, RSMo Supp.1990. It did not require claimant's injury to his wrist to have resulted in 15% permanent partial disability in order for him to recover from the Second Injury Fund.

Stated otherwise, under the statute in effect at the time claimant was injured, he had the right to recover from the Second Injury Fund for any enhanced permanent partial disability that resulted from the combination of his current injury and his preexisting injury. The 1993 amendment took away that right of recovery, a right claimant acquired under laws existing at the time he sustained the current injury.

Under the definition set forth in *Doe v. Roman Catholic Diocese, supra*, the part of the 1993 amendment requiring a threshold permanent partial disability with respect to a current injury for purposes of invoking Second Injury Fund liability, if applied to cases arising before the effective date of the change, would be a retrospective law.

The attorney general, appearing on behalf of the custodian of the Fund, relies on language in recent cases that relate to a provision in the 1993 amendment to the statute other than the one that is the subject of this appeal. The language in the cases cited is directed to the definition of what constitutes a preexisting disability for purposes of Second Injury Fund liability. The cases hold that the language defining what is a preexisting disability for purposes of imposing Second Injury Fund liability that was added by the 1993 amendment is remedial and will, therefore, be applied retroactively.

The leading case is *Leutzinger v. Treasurer*, 895 S.W.2d 591 (Mo.App.1995). The other cases cited are cases that have followed the holding in *Leutzinger*. They are: *Lane v. Schreiber Foods, Inc.*, 903 S.W.2d 616 (Mo.App.1995); *Faulkner v. St. Luke's Hospital*, 903 S.W.2d 588 (Mo.App.1995); *Garibay v. Marcraft, Inc.*, 899 S.W.2d 553 (Mo.App.1995); *Whitt v. Cupples Products*, 898 S.W.2d 623 (Mo.App.1995); *Margason v. Senack Shoes, Inc.*, 898 S.W.2d 621 (Mo.App.1995); *Wuebbeling v. West County Drywall*, 898 S.W.2d 615 (Mo.App.1995); *Culp v. Lohr Distributing Co.*, 898 S.W.2d 613 (Mo.App.1995); and *Clover v. Quality Plastics Co.*, 898 S.W.2d 609 (Mo.App.1995).

have resulted from the last injury, considered alone and of itself, and if the employee is entitled to receive compensation on the basis of the combined disabilities, the employer at the time of the last injury shall be liable only for the degree or percentage of disability which **would have resulted from the last injury had there been no preexisting disability.**
(The bold type is the language added to the statute by the 1993 amendment.)

Before *Leutzinger* and before the 1993 amendment, in order for a worker to recover from the Fund, the worker had to have a disability attributable to a current compensable injury and a previously existing "industrial disability". As *Leutzinger* explains:

"Disability" had been interpreted to relate to "disability to work," and to mean an "industrial disability," or "loss of earning capacity." *Wilhite v. Hurd*, 411 S.W.2d 72, 77 (Mo.1967). It did not mean any preexisting medical condition. *Id.* If an employee could not establish that he had a preexisting disability which was either "industrial" or related to his "loss of earning capacity," he could not collect from the second injury fund.

895 S.W.2d at 592.

*Leutzinger* observed that the term "industrial disability" never appeared in a statute; "[r]ather, the term itself was judicially created to insure that § 287.220 [V.A.M.S.] would be used only for those who had previously suffered a bona fide work-related disability." *Id., citing Wilhite, supra. Leutzinger* held that the judicially constructed "industrial disability" prerequisite was superceded by the legislature's 1993 amendment to the statute; that the nature of a preexisting injury that will invoke Second Injury Fund liability is one "of such seriousness as to constitute a hindrance or obstacle to employment or to obtaining reemployment if the employee becomes unemployed." § 287.220.1. The court reasoned that establishment of a statutory definition for the type of preexisting disability required to establish Second Injury Fund liability was a remedial change in the law; that it applied retroactively to pending cases. *Leutzinger*, 895 S.W.2d at 594.

*Leutzinger* reversed the Commission's order denying compensation because in reaching that decision, the Commission relied on the "industrial disability" standard rather than the standard specified in the amended statute.

The eight other cases the attorney general cites address the issue decided in *Leutzinger.* Six are from the eastern district of this court, one is from the western district and one from this district.

The six eastern district cases reversed awards that denied compensation because the Commission had used the "industrial disability" standard in assessing preexisting injuries rather than the standard specified in the 1993 amendment to the statute. The cases were remanded to the Commission for reconsideration. *See Garibay*, 899 S.W.2d at 555; *Whitt*, 898 S.W.2d at 625; *Margason*, 898 S.W.2d at 623; *Wuebbeling*, 898 S.W.2d at 620–21; *Culp*, 898 S.W.2d at 614; and *Clover*, 898 S.W.2d at 612.

The western district case was determined on rehearing after the Supreme Court of Missouri denied an application for transfer in *Leutzinger.* As in the eastern district cases, the Commission had applied the "industrial disability" standard in denying a Second Injury Fund claim. The western district reversed the Commission and remanded the case for reconsideration. *Faulkner*, 903 S.W.2d at 592–93.

The case from this district, *Lane v. Schreiber Foods, Inc., supra*, presented the same issue decided in *Leutzinger.* However, in *Lane*, the Commission, in denying the Second Injury Fund claim, applied the standard established by the 1993 amendment. 903 S.W.2d at 623. This court affirmed the award denying the claim.

This appeal, unlike *Lane*, does not involve the definition of preexisting disability for purposes of finding Second Injury Fund liability, the question decided in *Leutzinger.* The question here is whether the 15% permanent partial disability threshold that the 1993 amendment requires for Second Injury Fund liability applies to current injuries that were sustained before the effective date of the amendment.

The 1993 amendment is a hodgepodge of words that deal with both procedural and substantive issues. The western district of this court manifested frustration in applying the statute with the acknowledgement, "Whether the instant statute and amendment are substantive or remedial is not readily discernable to this court." *Faulkner*, 903 S.W.2d at 592. This court shares that frustration.

In *Faulkner,* the western district evaluated the amended statute's characteristics as follows:

> The statute has characteristics of both a substantive nature and a remedial nature. It is remedial to the extent that it remedies a defect in the common law by defining the terms used in the statute, which clarifies and replaces the judicial creation and interpretation of the phrase "industrially disabling." Yet, it is substantive in that it changes the standard for invoking [Second Injury Fund] liability.

*Id.* This court agrees.

This court holds that the 1993 amendment that sets a threshold disability a current injury must meet before invoking Second Injury Fund liability is substantive rather than remedial. Its use by the Commission in this case was an erroneous application of law. As established by *Leutzinger,* the correct standard for determining if a preexisting injury qualifies to invoke Second Injury Fund liability is that specified by the 1993 amendment to the statute. However, with respect to current injuries incurred before the effective date of the 1993 amendment, the 15% threshold imposed on permanent partial disability does not apply for purposes of determining if there is Second Injury Fund liability. Claimant's Point I is granted.

Three points were raised in this appeal. Point III was abandoned at oral argument. Review of the issue asserted in Point II is not required for the reason that Point I is dispositive of the appeal.

The award denying recovery from the Fund is reversed. The case is remanded for further consideration consistent with this opinion.

PREWITT, P.J., and CROW, J., concur.