Terry FAULKNER, Claimant/Appellant,

v.

CHRYSLER CORPORATION, Employer,

and

Treasurer of the State of Missouri as Custodian of the Second Injury Fund, Defendant/Respondent.

No. 69349.

Missouri Court of Appeals, Eastern District, Division Five.

June 4, 1996.

Rehearing Denied July 10, 1996.

Susan K. Roach, Law Offices of Susan Roach, Chesterfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Jennifer Sommers, Asst. Atty. Gen., St. Louis, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

Terry Faulkner sustained a work-related injury on January 15, 1991 requiring knee surgery. The Commission found that he was permanently partially disabled to the extent of 35% of the body as a whole as a result of the knee injury. This finding is not contested. He also claimed that he was entitled to compensation from the Second Injury Fund on account of prior medical disabilities. The

Commission found that a preexisting permanent partial disability of 50% of the body as a whole existed on account of a longstanding and poorly controlled diabetic condition, and that this preexisting disability, coupled with the disability from the knee injury, resulted in permanent partial disability of 95% of the body as a whole, for which it awarded 124 weeks of compensation, aggregating $26,-482.68. The claimant had settled with his employer prior to the hearing, and so the only opposing party was the state treasurer as custodian of the second injury fund. The claimant appeals but the custodian does not. We affirm in part and vacate and remand in part.

■ The claimant assumes the formidable task of trying to establish that the Commission's finding of permanent partial disability is in error, and that the record compels a finding that the claimant is permanently and totally disabled. The point does not require extended discussion. The only two physicians who testified about the combined effect of the knee injury and preexisting disability expressed opinions which might support a finding of permanent and total disability, but each qualified his testimony. Dr. Volharich said that he would defer to a vocational rehabilitation specialist as to whether the claimant could engage in any kind of employment. Dr. Walters expressed the opinion that "it is possible he might be able to fulfil a job more sedentary-type, such as desk work." The Commission could accept these qualified opinions. Its conclusion that the claimant was permanently disabled to the extent of 95%, but not totally disabled, is supported by the evidence. It was not required to accept the claimant's contention that he was not suitable for anything except a laboring job. The claimant has the burden of proof, and the Commission appropriately pointed to the absence of testimony from a vocational specialist.

■ The claimant also takes issue with the Commission's conclusion that he had a preexisting disability of 50% as a result of longstanding diabetes and complications from that condition, but that other ailments shown by the evidence were not sufficient to support additional ratings for permanent partial disability. The Administrative Law Judge found 60% disability from the diabetic situation and 20% from longstanding asthmatic and bronchitis problems, and recommended an award of 188 weeks of compensation, netting $40,151.16. We, of course, review the decision of the Commission rather than that of the Administrative Law Judge. The Commission is entitled to make its own findings, if supported by the evidence. This is especially so as to subjective matters such as disability ratings.

The Commission, however, purported to apply the threshold found in § 287.220 RSMo 1994, enacted in its present form in 1993, in determining the liability of the Second Injury Fund, even though the injury occurred in 1991. It felt bound by the decision of this Court in *Leutzinger v. Treasurer of Missouri*, 895 S.W.2d 591 (Mo.App.1995), holding that the remedial portions of the 1993 statute should be applied to present cases. The new statute provided that the Second Injury Fund would only be liable for those preexisting conditions which produced preexisting partial disability of 15% or more of a major extremity, or fifty weeks compensation for disability of the body as a whole.

In recent months our sister districts have distinguished the *Leutzinger* case in holding that a right to compensation from the Second Injury Fund may not be divested by retroactive legislation, and that the 1993 fifty week 15% threshold is not applicable to cases involving injuries which occurred before the amendment took effect. *Smart v. Missouri State Treasurer*, 916 S.W.2d 367 (Mo.App.S.D.1996) and *Fletcher v. Second Injury Fund*, 922 S.W.2d 402 (Mo.App.W.D. 1996). These opinions distinguish between remedial provisions, such as were involved in *Leutzinger*, and substantive provisions which determine entitlement to benefits from the Second Injury Fund. We believe that the distinction drawn between *Smart* and *Fletcher*, on the one hand, and *Leutzinger*, on the other, is sound, and that *Leutzinger* cannot be properly applied to limit the recovery allowed by the statutes in effect at the time of the accident.

It might be suggested that the Commission, rather than reducing the award on the

authority of *Leutzinger*, simply disagreed with the ALJ as to the degree of preexisting disability occasioned by the asthmatic-bronchial condition. Rather than guessing, we deem it more satisfactory to remand the case to the Commission for reevaluation in accordance with the teachings of *Smart* and *Fletcher*. We express no opinion as to the result it should reach on remand.

The decision is affirmed insofar as it assesses only permanent partial disability. The award of compensation is vacated and the case is remanded for further proceedings consistent with this opinion.

CRANE, C.J., and AHRENS, J., concur.