**Sharon DeLONG, Claimant,**

v.

**SHOP 'N SAVE, Employer.**

No. 73123

Missouri Court of Appeals,
Eastern District,
Division One.

May 5, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 1998.

Application for Transfer Denied
Aug. 25, 1998.

William Lemp, St. Louis, for appellant.

Dean L. Christianson, St. Louis, for respondent.

PUDLDOWSKI, Judge.

Sharon DeLong (DeLong) filed a workers' compensation claim from an alleged work related accident at Shop 'N Save (Employer) on 28 May 1996. The Administrative Law Judge heard the issue and issued his decision on 13 December 1996. The Administrative Law Judge found that the claim was not a compensable accident arising out of employment and, therefore, there was no employer liability. Following this decision, DeLong appealed to the Labor and Industrial Relations Commission (Commission). The Commission reversed the Administrative Law Judge and granted DeLong compensation for her injury. Employer appeals to this Court. We affirm.

DeLong worked for Employer since November 1995 and since April 1996, she was a full-time meat clerk. On 28 May 1996, DeLong unloaded a pallet of product while kneeling. After unloading the product, she returned the overstock to the meat cooler. As she walked to the meat cooler, she saw an employee from the produce department in the break room.

DeLong stopped at the break room and spoke to the co-employee regarding a customer query. Due to the proximity of the meat and produce departments in the store, the employees from these departments interacted with one another in order to facilitate customer assistance. Upon exiting the break room, DeLong raised her right foot and turned while her left foot remained stationary. When she turned her left foot, she described a feeling of a "charley horse" be-

hind her left knee. DeLong's left knee hurt, but she completed her shift.

The next day, DeLong returned to work. Her knee was swollen and she had difficulty walking. Two days following the injury, 30 May 1996, her left knee remained swollen and she was unable to get out of bed. De-Long telephoned her supervisor and related how her injury occurred. Employer offered her no medical care.

DeLong sought her medical care by herself. Upon referral by her health clinic, her knee was x-rayed 30 May 1996 and a bone scan was performed on 13 June 1996. De-Long also received physical therapy.

Subsequently, DeLong was examined by two additional doctors. One concluded that DeLong's knee problem is due to a torn medial meniscus and that the tear resulted from the twisting injury she described. The other doctor diagnosed her injury as a left knee sprain superimposed on preexisting asymptomatic enchondroma of the left femoral metaphysis and a fibrous cortical defect of the distal left femoral diaphysis. Both agreed that DeLong requires arthroscopic surgery and that her left knee has not to date reached maximum medical improvement.

DeLong was released to light duty work with specific restrictions until her knee injury has been corrected. However, Employer has had no work available for DeLong with those specific restrictions and she has not worked for Employer since 29 May 1996.

■ On appeal, Employer claims that the Commission erred in determining that De-Long presented sufficient evidence to support a compensable injury and that DeLong's injury resulted from her employment and that her accident did not arise out of her employment.

■ Section 287.495.1 RSMo (1994) sets forth the standard for review of a worker's compensation case. We review the evidence and inferences in the light most favorable to the Commission's award. *Clover v. Quality Plastics Co.*, 898 S.W.2d 609, 611 (Mo.App. E.D.1995). Any evidence which might support a finding different from the Commission's will be disregarded even though there may have been enough evidence to support contrary findings. *Landers v. Chrysler Corp.*, 963 S.W.2d 275 (Mo.App. E.D.1997); *Id.* We will reverse the Commission's decision only if it is unsupported by substantial evidence or clearly against the overwhelming weight of the evidence. *Garibay v. Marcraft, Inc.*, 899 S.W.2d 553, 554 (Mo.App. E.D.1995).

■ On appeal, Employer contends that the Commission did not have sufficient evidence to support a finding of a compensable injury to DeLong. A worker claiming under the Missouri Workers' Compensation Law must establish a causal connection between her accident and injury. *Cook v. St. Mary's Hosp.*, 939 S.W.2d 934, 940 (Mo.App. W.D. 1997) (citing *White v. Henderson Implement Co.*, 879 S.W.2d 575, 577 (Mo.App. W.D. 1994)). DeLong need not establish the elements of her claim with absolute certainty; it is sufficient to show a reasonable probability. *Fischer v. Archdiocese of St. Louis–Cardinal Ritter Institute*, 793 S.W.2d 195, 198 (Mo. App. E.D.1990). DeLong's evidence was sufficient to show a reasonable probability that she was injured and there was a causal relationship between the accident and her injury. Each case needs to be decided upon its own unique facts and circumstances surrounding the injury. *Kloppenburg v. Queen Size Shoes, Inc.*, 704 S.W.2d 234, 236 (Mo. banc 1986). The Commission may accept or reject any testimony and its decision may not be disturbed unless it is against the overwhelming weight of the evidence. *Cook*, 939 S.W.2d at 940. The Commission, if it accepts the testimony of the claimant, is authorized to base its decision solely on the claimant's testimony which then constitutes substantial evidence. *Id.*

The Commission found that DeLong's knee injury arose "out of" and "in the course of" her employment. DeLong was in the process of unloading meat from a pallet in the normal course of her duties which involves significant kneeling and twisting. She was interrupted by a customer seeking assistance in another department. DeLong went to the break room to find her co-employee and when she turned to return to her duties in

the meat department, her knee was injured. Further, she was "in the course of" her employment with Employer. At the time of her injury, DeLong was on Employer's premises, performing her duties, and in a place where she was fulfilling those duties. Taken as a whole, the Commission had sufficient evidence to award DeLong compensation.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.