Harold G. CHAMP, Employee–
Appellant,

v.

DOE RUN COMPANY, Employer,

Treasurer of Missouri as Custodian
of the Second Injury Fund,
Respondent.

No. ED 80778.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 3, 2002.

Robert A. Bedell, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Jagadeesh B. Mandava, Asst. Atty. Gen., St. Louis, MO, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The claimant was employed by the Doe Run Company as a laborer from 1969 to 1992. His work brought him into frequent contact with lead, and he was required to submit to periodic tests to determine whether his blood showed dangerous lead concentrations. When a test demonstrated dangerously high levels he would be assigned to other work in which he would not have substantial lead exposure, until later test readings were below the point of concern.

On September 12, 1989, the claimant had been assigned to work in the company cafeteria because of an elevated test reading. He heard something pop and felt pain in his lower back while lifting a bucket of water and dumping it into a sink. He filed a workers' compensation claim against his employer and also made a claim against the Second Injury Fund, alleging that at the time of the 1989 accident he was partially permanently disabled because of prior problems with his lower back. He settled the workers' compensation claim with his employer on the basis of a 7.5% permanent partial disability relating to the lower back. By established law this settlement, approved by the Labor and Industrial Relations Commission (LIRC), constituted a binding adjudication for purposes of *res judicata* and collateral estoppel. *Conley v. Treasurer of Missouri*, 999 S.W.2d 269, 274 (Mo.App. E.D. 1999).

The claim against the Second Injury Fund was not settled. A hearing was held before an Administrative Law Judge (ALJ) at which evidence of a lower back injury arising out of a fall on February 23, 1984, was introduced along with expert testimony in which it was indicated that the claimant's exposure to lead over the years could have contributed to his back problems. The ALJ awarded compensation from the Second Injury Fund based on 12.5% permanent partial disability to the body as a whole relative to the low back and 20% permanent partial disability to the body as a whole relative to lead poisoning.

The State Treasurer, as custodian of the Second Injury Fund, sought review by the LIRC. The LIRC reversed the decision of the ALJ and denied the claim against the Second Injury Fund, basing its decision on the 1993 amendments to Section 287.220.1 RSMo 2000, which preclude recovery against the Second Injury Fund in cases in which the disability from the primary injury is found to be less than 12.5%. The

LIRC relied on the opinion of this court in *Leutzinger v. Treasurer,* 895 S.W.2d 591 (Mo.App. E.D.1995), which held that the provisions of the 1993 amendment, doing away with the "industrial disability" concept and substituting language indicating which previously existing conditions would be considered serious enough to trigger liability of the Second Injury Fund, were procedural rather than substantive, and that the provisions of the amended statute applied retroactively to injuries occurring prior to the effective date of the amendment. Under the LIRC's view of the case it had no need to evaluate the facts found by the ALJ, or to determine issues such as preexisting disability and causation. The LIRC concluded that, under the governing law, as it understood it, there was no liability against the Second Injury Fund.

■ The claimant sought review here, relying on *Smart v. Missouri State Treasurer,* 916 S.W.2d 367 (Mo.App. S.D.1996) and *Fletcher v. Second Injury Fund,* 922 S.W.2d 402 (Mo.App. W.D.1996), both of which distinguished *Leutzinger* and found that the provision of the 1993 amendment establishing the 12.5% floor was substantive rather than procedural, and so could not be applied retroactively. Mo. Const. art. I, § 13. The Treasurer concedes that *Smart* and *Fletcher* validly distinguished *Leutzinger* and that the LIRC applied the wrong standard. We accept the Treasurer's concession and note that the Supreme Court denied transfer in both *Smart* and *Fletcher.* Although the Supreme Court has often cautioned against reading too much into the denial of transfer, it is reasonable to assume that the Court did not sense a conflict between the holdings in these cases and our earlier *Leutzinger* decision.

The Treasurer argues, eloquently, that even though the LIRC applied the wrong standard, its decision is nevertheless correct and should be affirmed. It is suggested that the 7.5% permanent partial disability, based on the agreement of the parties, is a mere physical impairment rather than an industrial disability, and therefore not sufficient to support a claim against the Second Injury Fund.

■ We of course are entitled to affirm any decision or judgment if the record demonstrates that it is correct, even though the tribunal from which the appeal was taken gave erroneous reasons for its conclusions. We believe, however, that the LIRC should sort out the evidence in the record under the proper legal standard for review, rather than attempting this task ourselves. The LIRC has plenary authority to review the decision of the ALJ, whereas our review is solely on legal issues. The LIRC regularly deals with questions of disability and causation, and in so doing examines expert testimony. The LIRC's initial decision did not examine the factual and expert evidence. We caution that, in remanding the case, we express no view whatsoever on the merits of the case, legally or factually. We note that in *Smart,* the Southern District remanded a case in which the parties had settled the primary claim on the basis of 10% permanent partial disability.

The decision of the Labor and Industrial Relations Commission is reversed and the case is remanded to the Commission for further proceedings in accordance with this opinion.

LAWRENCE E. MOONEY, C.J., and LAWRENCE G. CRAHAN, J., concur.