Frank PALAZZOLO,
Claimant/Respondent,

v.

JOE'S DELIVERY SERVICE,
INC., Employer,

and

Treasurer of the State of Missouri, as Custodian of the Second Injury Fund, Additional Party/Appellant.

No. ED 81152.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 11, 2003.

Todd L. Beekley, Assistant Attorney General, St. Louis, MO, for appellant.

Robert H. Sihnhold, St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

In this workers' compensation case, the Second Injury Fund appeals from the final award of the Labor and Industrial Relations Commission (Commission) finding Second Injury Fund liability. The Second Injury Fund asserts that the Commission erred in holding that an injury resulting in a 15% permanent partial disability at the 110–week level of the foot constitutes an injury to a "major extremity" under Section 287.220.1 RSMo (2000) and consequently erred in finding the Second Injury Fund liable for claimant's injury.

Claimant entered into a stipulation for compromise settlement with his employer arising out of his claim for injuries suffered in the course of his employment on October 4, 1996. The settlement was for a lump sum in the amount of $4,433.88 based on a disability rating of 15% of the left foot at the 110–week level. Claimant then made a claim for permanent partial disability against the Second Injury Fund, on the basis of his prior injury to his lower back that had been settled by stipulation for 27.5% permanent partial disability for the body as a whole.

■ The sole issue before the ALJ was whether a 15% permanent partial disability of the foot at the 110–week level constitutes an injury to a "major extremity" under Section 287.220.1. The ALJ found that the injury constituted an injury to a major extremity and issued an award against the Second Injury Fund granting claimant compensation in the amount of $3,399.31. The Commission affirmed. The Second Injury Fund appeals.

For its sole point on appeal, the Second Injury Fund contends that the Commission erred in finding that claimant's injury to the foot at the 110–week level met the

statutory threshold for Second Injury Fund liability. The Second Injury Fund argues that the term "major extremity" in Section 287.220.1 does not include the foot at the 110–week level.

▆▆▆ We review decisions of the Commission which are clearly interpretations of law for correctness without deference to the Commission's judgment. *West v. Posten Const. Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991); *Soos v. Mallinckrodt Chemical Co.*, 19 S.W.3d 683, 685 (Mo.App.2000). In worker's compensation cases, we broadly and liberally interpret the law with a view to the public interest and with an understanding that the law is intended to extend its benefits to the largest possible class. *West*, 804 S.W.2d at 745–46 (quoting *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781, 783 (Mo. banc 1983)).

Section 287.220 directs when compensation is to be paid from the Second Injury Fund, as well as the amount of such compensation, in "[a]ll cases of permanent disability where there has been previous disability." *Hughey v. Chrysler Corp.*, 34 S.W.3d 845, 847 (Mo.App.2000). " 'Permanent partial disability' means a disability that is permanent in nature and partial in degree." Section 287.190.6 RSMo (2000). The Second Injury Fund is liable for permanent partial disability benefits as follows:

> If any employee who has a preexisting permanent partial disability whether from compensable injury or otherwise, of such seriousness as to constitute a hindrance or obstacle to employment or to obtaining reemployment if the employee becomes unemployed, and the preexisting permanent partial disability, if a body as a whole injury, equals a minimum of fifty weeks of compensation or, if a major extremity injury only, equals a minimum of fifteen percent permanent partial disability, according to the medical standards that are used in determining such compensation, **receives a subsequent compensable injury resulting in additional permanent partial disability so that the degree or percentage of disability, in an amount equal to a minimum of fifty weeks compensation, if a body as a whole injury or, if a major extremity injury only, equals a minimum of fifteen percent permanent partial disability,** caused by the combined disabilities is substantially greater than that which would have resulted from the last injury, considered alone and of itself, and if the employee is entitled to receive compensation on the basis of the combined disabilities, the employer at the time of the last injury shall be liable only for the degree or percentage of disability which would have resulted from the last injury had there been no preexisting disability.

Section 287.220.1. (emphasis added). To recover permanent partial disability benefits from the Second Injury Fund, a claimant must have a "subsequent compensable injury" resulting in additional permanent partial disability. And, if that injury is a "major extremity injury" the claimant must show that it equals a minimum of fifteen percent permanent partial disability. Section 287.220.1; *Smart v. Missouri State Treasurer*, 916 S.W.2d 367, 368 (Mo. App.1996); *Leutzinger v. Treasurer of Missouri*, 895 S.W.2d 591, 593 (Mo.App. 1995).

At oral argument the Second Injury Fund stated that "the 155-week level of the foot does not constitute a major extremity." However, it argues that the portion of the foot at the 110–week level is not a major extremity. It argues that, because the legislature made clear gradations in the value of various physical appendages under Section 287.190.1 and gave five different levels of value for injuries to

the leg, and divided the foot alone into three different levels, the 110, 150 and 155–week levels, the legislature intended the 110–week level of the foot to represent an injury to roughly a third of the foot. It argues that, while the foot may be an "extremity," the metatarsus is a part of the foot, and should not constitute a "major extremity" as used in the statute. We disagree.

The 15% threshold was added to Section 287.220.1 in 1993 to establish a more objective standard by which Second Injury Fund liability is to be determined. *Culp v. Lohr Distributing Co.*, 898 S.W.2d 613, 614 (Mo.App.1995). The threshold for both the pre-existing disability and the subsequent disability must be "of sufficient significance as to be susceptible of measurable rating at least equal to the minimums set forth in the statute." *Id.* In requiring that the subsequent partial injury equal a minimum of 15% permanent disability, the legislature did not choose to limit that threshold or define a major extremity by "levels" in the schedule of losses.

> "The legislature was familiar with the use of levels of body parts in its schedule of compensation. Its decision not to use those levels in establishing a minimum threshold of disability indicates that it intended not to do so."

*Motton v. Outsource International,* 77 S.W.3d 669, 674 (Mo.App.2002). The "legislature intended to make a simple 15% disability to a major extremity the threshold rather than attempt a more complex formula based on weeks of disability to various body parts at various levels." *Id.* at 675.

The percentage of disability set out in the statute is a threshold figure. The fact that a claimant meets the threshold does not result in Second Injury Fund liability unless the other statutory criteria are met. Further, if liability exists, the "level" of injury is used in calculating the monetary benefit. *See Motton,* 77 S.W.3d at 674. Because claimant sustained a 15% permanent disability to his foot, and because the Second Injury Fund concedes that the foot is a major extremity, claimant met the threshold requirement of a 15% permanent partial disability to a major extremity. The Commission did not err in so holding.

The Commission's award is affirmed.

PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR., J. concur.